John H. Pennock, J.
There are two basic questions to be determined on the present motion to preclude. The defendant avers that the bills of particulars are defective as to verification and not responsive. The plaintiffs urge that they are responsive and that the originals were properly verified. The plaintiffs served a supplemental bill of particulars with their answering-affidavit on the motion, to which the defendant, by reply affidavit, raised the issue of the defective verification. The record indicates that some delay is involved in the pleadings and the instant motion; however, under the circumstances the court is of the opinion that the motions shall be entertained to prevent further delay. In any event the service -of the supplemental bill of particulars cures any tardiness on the part of the defendant to bring this motion.
The plaintiffs served copies of the bills of particulars both of which failed to include the affiant’s name, either subscribed or conformed. There is some confusion as to whether the plaintiffs were proceeding under CPLB. 3044 or 2106 or perhaps a combination of both.
If the intent was to comply with CPLB 3044 the verification is defective. The affidavit failed to contain the affiant’s and notary public’s names. 3044 was added to the new CPLB from rule 117 of the Buies of Civil Practice without change in substance. Under the new rule the verification on a copy must be conformed to the original verification in the same manner as required by rule 117 of the Buies of Civil Practice.
The answering affidavit of the plaintiffs’ attorney avers that he verified the bill of particulars served. This does not cure the defect. The customary practice under rule 117 (now CPLB 3044) still prevails, otherwise there would be no uniformity with the pleadings.
If the intent was to comply with CPLB 2106, then the affirmation is also defective. The plaintiffs’ attorney added to the substance of the customary form of verification a perjury clause. It was not ¡subscribed to by the attorney as required by the CPLB 2106, which reads as follows: ‘ ‘ Affirmation of truth of statement by attorney. The statement of an attorney admitted to practice in the courts of the state and appearing in an action as attorney of -record or as of counsel with the attorney of record, when subscribed and affirmed by him to be true under the penalties of perjury, may be served -or filed in the action in lieu of and with same force and effect as an affidavit.”
This is a ne-w rule and has no counterpart in the old Civil Practice Act or Buies of Civil Practice and its purpose is best explained by its proponents. " The purpose of the subdivision *704 is to save an attorney appearing in .a civil action the trouble of taking an oath where he must presently make an affidavit or verification of a paper to be served or filed in the action. An oath requires an appearance before .someone authorized to administer it. The appearance takes some time and if there is no one in the attorney’s office to administer the oath at the time he is executing a paper, what is otherwise an annoyance can become a substantial nuisance. The matter is particularly burdensome to the attorney practicing in a small law office.” (See Sixth Report, Senate Finance Committee, p. 206.)
The Penal Law was amended by the Legislature to include false affirmation by an attorney under this rule- within the definition of perjury. (L, 1964, ch. 645, § 1, eff. Sept. 1, 1964.) “ § 1620. Perjury defined * * * 4. Authorized by law to subscribe and affirm a -statement as true under the penalties of perjury, does so when he knows -such statement is false or contains false information.”
It is apparent -that the purpose of this new rule was to simplify the attorney’s practice; however, in the use of the rule the attorney subjects himself to criminal penalties under the penal perjury statute. The mere typing of the attorney’s name is not .sufficient. The rule requires that it be subscribed. Conforming the copies of the statements annexed to the papers served does not comply with the new rule.
The affirmation as recommended by the Senate Finance Committee in its Sixth Report is the most precise manner of complying with the rule. The affirmation should read as follows: “ The undersigned, attorneys of record [of counsel with the attorney of record] for A. B. affirms that the foregoing statement is true, under penalty of perjury. O. D. [address] ” (p. 206).
Therefore it is determined that the verification is defective and the court will allow an amendment to conform to either CPLR 3044 or 2106 as hereinafter provided.
Now as to the question that the bill of particulars was not responsive. The court finds the bill of particulars sufficiently responded to the demand except as to demands in paragraphs numbered, 2(b), (d), 3, 5, 7, 9 and 10. The bill of particulars should be prepared with numbered paragraphs conforming to -the demand numbers. If the answer is negative then reference should be made to the demand it is answering. This will facilitate rulings on motions to preclude and proof on the trial as the bill of particulars shall meet or fail to meet each numbered demand. .
*705 It is determined that a new bill of particulars in accordance with this decision be ¡served within 20 days of service of a copy of the order with notice of entry. The responses of the bill of particulars shall be chronologically numbered to coincide with the demand of the defendant. Otherwise the plaintiff is precluded from giving evidence at the trial for its failure to supply a bill of particulars. (CPLB 3042.)