Martin B. Stecher, J.
The landlord, ex parte, moves for a final judgment of possession in this nonpayment summary proceeding, the tenant having failed to appear. The motion is denied for failure of the petitioner to verify the petition (Beal Property Actions and Proceedings Law, § 741).
The petitioner describes himself as the attorney for the fee owner (Beal Property Actions and Proceedings Law, § 721, subd. 8) and his “ signature ” is affixed by a rubber stamp (General Construction Law, § 46). In lieu of a verification sworn to before a notary public, the petition purports to be verified by the attorney’s affirmation made “ under the penalties of perjury ” (CPLB 2106). The difficulty with the “ affirmation” is that this signature, too, is affixed by a rubber stamp. (The attorney, with admirable candor, acknowledged in open court that not he, but an employee, with the attorney’s authority, so affixed his name. While illustrative of the problem, the result would not be otherwise, absent such an admission.)
The purpose of the verification has not changed since it was introduced in this State; and its intent was 1 ‘ to bring back to legal allegations * * * at least some regard to truth, ’ ’ and to serve “ as a means of preventing groundless suits and defenses ” (First Beport of Commissioners on Practice and Pleadings, 1848, pp. 153 and 145 respectively; 3 Weinstein-KornMiller, K T. Civ. Prac., par. 3020.01 [CPLB 3020, 3021]). The objective was to be obtained, in part, by the sanctions of the perjury statutes (Penal Law, §§ 210.00, 210.05, 210.10).
There is no way for a court or adversary to determine from the face of this instrument, whether the person whose “signature ” is stamped thereon, is in fact “ subject to the penalties of perjury.” If he appeared before a notary who subscribed his name to the petitioner’s verification, stamped or otherwise, there would be, prima facie, proof that the affiant had sworn.
CPLB 2106, however, which accepts an attorney’s affirmation as the equivalent of an oath sworn before a notary, was only enacted as a convenience to attorneys (2A Weinstein-KornMiller, 1ST. T. Civ. Prac., par. 2106.01), the court taking judicial notice of their signatures. But the court cannot take such notice of a “ signature ’ ’ which may be affixed by any clerk or interloper, with or without authority.
*632 There has been called to my attention the case of Brooklyn City R. R. Co. v. City of New York (139 Misc. 691) which reaches a contrary conclusion by appearing to place the burden on the person contesting the verification to show that the stamped signatures are not those of the affiant and notary. The conclusion however, reached in Macri v. St. Agnes Cemetery (44 Misc 2d 702) that the mere typing or other nonholographic insertion of the attorney’s name is insufficient under CPLR 2106, is preferable.
In cases such as the one at bar, where the attorney elects to be the petitioner, he may affix his signature to the petition by such a stamp; but his verification, if sought to be made pursuant to CPLR 2106, must be made by holographic subscription. Should he elect to appear before a notary public whose signature is holographically affixed, he may subscribe his oath by any recognizable means.