■ In the Matter of HAROLD R. BRITTMAN, Petitioner, v DAVID AXELROD, Respondent. — Article 78 petition, transferred to this court by order of the Supreme Court, New York County (Ryp, J.), entered January 14, 1982, by which petitioner seeks to annul a determination by respondent Commissioner of the Department of Health of the State of New York fining him $242,652 for violations of article 33 of the Public Health Law, granted, without costs or disbursements, to the extent of annulling the penalty, remanding to the commissioner for redetermination of the penalty, and the commissioner's determination otherwise confirmed. The penalty was computed on the basis of each allegation found to have been proven. Respondent concedes that a remand is required because the fines imposed on Allegations Nos. 2 and 13 are duplicative. This also appears to be true with respect to Allegations Nos. 3 and 8 and Allegations Nos. 1, 6 and 7. Concur — Kupferman, J. P., Sandler, Sullivan, Ross and Lynch, JJ.

■ REBOUL, MACMURRAY, HEWITT, MAYNARD & KRISTOL, Appellant-Respondent, v ALAN G. QUASHA et al., Respondents-Appellants. — Order of the Supreme Court, New York County (Price, J.), entered December 3, 1981, which, *inter alia,* granted plaintiff's motion for summary judgment solely as to liability and directed a trial as to the reasonable value of plaintiff's services and denied plaintiff's motion for the dismissal of defendants' counterclaim modified, on the law, to the extent of reversing that part of the order which denied plaintiff's motion for entry of judgment, granting said motion for entry of judgment in favor of plaintiff in the sum of $96,975.65, and otherwise affirmed, without costs. Plaintiff, a partnership engaged in the practice of law, commenced this action to recover unpaid legal fees and disbursements in the total sum of $96,975.65 from defendants, former clients of the partnership. Plaintiff's motion for summary judgment was supported by evidence that two separate accounts had been stated between the parties in the total sum of $96,975.65. In response to this motion, defendants served three "sworn" documents, the Condren affidavit, the Friedberg affirmation and the Quasha "affidavit". The Condren affidavit contained general allegations of protest concerning the debt underlying the first account stated. These were insufficient to raise a triable issue. (*Fink, Weinberger, Friedman, Berman & Lowell v Petrides,* 80 AD2d 781.) The Friedberg affirmation was not sufficient to raise a triable issue since it was by counsel who did not have personal knowledge of what transpired. The heart of defendants' opposition was contained in the Quasha affidavit which was neither signed nor sworn to by Mr. Quasha but rather by Mr. Condren pursuant to a power of attorney. The statutory powers granted to an attorney in fact under section 5-1501 of the General Obligations Law, do not include the power to swear or sign an affidavit in the name of the principal. Such a purported affidavit lacks any probative effect. "An affidavit purported to be that of one person, but signed and sworn to by another, is a nullity." (1 NY Jur 2d, Acknowledgments, Affidavits, Oaths, Notaries and Commissioners, § 58, at p 257.) Defendants therefore failed to produce evidentiary proof in admissible form sufficient to defeat plaintiff's claim on the accounts stated. The court below was correct, however, in denying the motion for summary judgment dismissing the counterclaim alleging malpractice. The plaintiff's conclusory assertions regarding defendants' counterclaim are not sufficient to establish its burden of setting forth evidentiary facts to prove that triable issues do not exist, even where the opposing papers are insufficient. (*O'Connor-Sullivan, Inc. v Otto,* 283 App Div 269.) Concur — Kupferman, J. P., Ross, Silverman and Asch, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK VALENZA, Appellant. — Judgment, Supreme Court, New York County (Wallach, J.),

rendered on November 20, 1981, unanimously affirmed. (See opn of Lang, J., at Trial Term, 108 Misc 2d 86; see, also, *People v Lyon,* 82 AD2d 516; *People v Felber,* 264 App Div 181.) No opinion. Concur — Sandler, J. P., Carro, Asch and Silverman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PROOF OF THE PUDDING, INC., Appellant. — Judgment, Supreme Court, New York County (Wallach, J.), rendered on November 20, 1981, unanimously affirmed. (See opn of Lang, J., at Trial Term, 108 Misc 2d 86; see, also, *People v Lyon,* 82 AD2d 516; *People v Felber,* 264 App Div 181.) No opinion. Concur — Sandler, J. P., Carro, Asch and Silverman, JJ.

■ MICHAEL ROMANSZYN, Respondent, v PRUDENTIAL LINES, INC., Appellant. — Order, Supreme Court, New York County (A. P. Williams, J.), entered on July 20, 1982, unanimously affirmed. Respondent shall recover of appellant $75 costs and disbursements of this appeal. (See *Bare v Prudential Lines,* 88 AD2d 1114.) No opinion. Concur — Sullivan, J. P., Markewich, Bloom and Milonas, JJ.

■ GREGORIO RONDON, Respondent, v PRUDENTIAL LINES, INC., Appellant. — Order, Supreme Court, New York County (Shainswit, J.), entered on June 8, 1981, unanimously affirmed. Respondent shall recover of appellant $75 costs and disbursements of this appeal. (See *Bare v Prudential Lines,* 88 AD2d 1114.) No opinion. Concur — Sullivan, J. P., Markewich, Bloom and Milonas, JJ.

■ NICOLA MARINELLI, Respondent, v PRUDENTIAL LINES, INC., Appellant. — Order, Supreme Court, New York County (Bookson, J.), entered on June 2, 1981, unanimously affirmed. Respondent shall recover of appellant $75 costs and disbursements of this appeal. (See *Bare v Prudential Lines,* 88 AD2d 1114.) No opinion. Concur — Sullivan, J. P., Markewich, Bloom and Milonas, JJ.

■ VITO MARIELLA, Respondent, v PRUDENTIAL LINES, INC., Appellant. — Order, Supreme Court, New York County (Blyn, J.), entered on July 8, 1981, unanimously affirmed. Respondent shall recover of appellant $75 costs and disbursements of this appeal. (See *Bare v Prudential Lines,* 88 AD2d 1114.) No opinion. Concur — Sullivan, J. P., Markewich, Bloom and Milonas, JJ.

■ JAMES HOWARD, Respondent, v PRUDENTIAL LINES, INC., Appellant. — Order, Supreme Court, New York County (H. G. Schwartz, J.), entered on July 6, 1981, unanimously affirmed. Respondent shall recover of appellant $75 costs and disbursements of this appeal. (See *Bare v Prudential Lines,* 88 AD2d 1114.) No opinion. Concur — Sullivan, J. P., Markewich, Bloom and Milonas, JJ.

■ EDDIE ANDERSEN, Respondent, v PRUDENTIAL LINES, INC., Appellant. — Order, Supreme Court, New York County (A. Williams, J.), entered on May 21, 1981, unanimously affirmed. Respondent shall recover of appellant $75 costs and disbursements of this appeal. (See *Bare v Prudential Lines,* 88 AD2d 1114.) No opinion. Concur — Sullivan, J. P., Markewich, Bloom and Milonas, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER AVERY, Also Known as CHRISTOPHER J. AVERY, Appellant. — Judgment, Supreme Court, New York County (Haft, J.), rendered on November 4, 1981, unanimously affirmed. Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no meritorious points which could be raised on this appeal. Concur — Sullivan, J. P., Markewich, Bloom and Milonas, JJ.