OPINION OF THE COURT
Charles A. Kuffner, Jr., J.
The defendant, charged, inter alia, with murder in the second degree, moves pursuant to CPL 30.20 for an order dismissing the indictment on the ground that he has been denied his right to a speedy trial. The issue raised by the defendant is one which, in the opinion of the court, requires a hearing and accordingly the same is directed for November 30, 1983.
More disturbing to the court than the rather routine nature of the defendant’s application and the manner of its disposition to this point, is the posture of the District Attorney’s office in responding to this defendant’s motion.
The responsive pleading served by the District Attorney is denominated “Answer to Motion” and begins with, the language: “The People of the State of New York, by Elizabeth Holtzman, District Attorney of Kings County, as and for an Answer to Motion [sic], allege the following upon information and belief:”.
The “answer” then continues to a recitation of the facts and a brief argument on the law.
What is noticeably omitted from the response is any indication that the Assistant District Attorney making the *17 same has done so under oath, whether by affidavit or affirmation.
While the state of legal practice has passed from the days when litigants were subject to hypertechnical forms of practice, where any legal misstep might result in a procedural fatality, certain statutory and customary constraints still apply, even, dare it be said, to the practice of the criminal law.
The enactment of CPLR 2106 made it possible for attorneys to utilize an affirmation in lieu of an affidavit primarily. for their own convenience. (See Sandymark Realty Corp. v Creswell, 67 Misc 2d 630.)
How then should the court treat answering papers which are neither affidavits nor affirmations?* It is the opinion of the court that such responses do not constitute competent or sufficient pleadings in response to motions and should be deemed nullities. The reason for this approach is twofold: First, the District Attorney and her assistants, while quasi-public officials are nonetheless practitioners before the court and, as such, should be held to no lesser a standard of practice than commonly prevails. Secondly, a purpose of requiring responses to motions under oath or affirmation is to subject the individual attorney to the penalties of perjury under the appropriate circumstances. (See Macri v St. Agnes Cemetery, 44 Misc 2d 702.) Such a consideration should not be lightly taken. Recently, the bona fides of the District Attorney’s office has been called into question in this court with respect to the veracity and accuracy of certain applications made for orders extending Grand Juries (People v Heller, 120 Misc 2d 85). In a matter recently decided in the Appellate Division, Second Department (see Matter of Holtzman v Beatty, 97 AD2d 79), the District Attorney of Kings County has had to apologize for the irregularity of certain papers submitted in conjunction with contempt proceedings.
In rejecting unsworn responses, the court is mindful of the possible consequences. In certain instances the failure of the People to follow permissible forms of practice may *18 result in defendants going free. What the court considers a more appropriate course of action would be to permit the People to amend their pleadings on condition of payment of costs for the wasting of the courts’ and defense counsels’ time resulting from their failure to properly proceed in the first instance.
The court trusts that the District Attorney will, in the future, desist from the practice discussed herein and conduct its litigation in a proper manner.

 The issue raised in the instant application is not an isolated instance. A review of like responses received by this court in the period of November 7,1983 to November 10, 1983, reveals no fewer than 11 such “answers” to defendants’ motions.