■ Ambulatory Surgery Center of Brooklyn et al., Respondents-Appellants, v Helpers of God's Precious Infants, Inc., et al., Appellants-Respondents, Thomas V. Dailey et al., Respondents, et al., Defendants. [725 NYS2d 65] —Motion by the appellants-respondents for leave to reargue a decision and order in the above-entitled action dated August 21, 2000 [275 AD2d 381], which determined appeals from two orders of the Supreme Court, Kings County, entered February 25, 1999, and July 16, 1999, respectively, or for leave to appeal to the Court of Appeals from this Court's decision and order.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the branch of the motion which is for leave to appeal to the Court of Appeals is denied; and it is further,

Ordered that the branch of the motion which is for leave to reargue is granted; and it is further,

Ordered that on reargument, the second, third, fourth, seventh, eighth, and ninth paragraphs of the decision and order dated August 21, 2000, in the above-entitled action are

recalled and vacated, and the following separate decision and order is hereby issued:

In an action, *inter alia*, to enjoin the defendants from, among other things, interfering with access to the plaintiffs' premises, the defendants Helpers of God's Precious Infants, Inc., Philip Reilly, Dorothy Rothar, Michael Marino, and Rose Diaz appeal from (1) so much of an order of the Supreme Court, Kings County (Jackson, J.), entered February 25, 1999, as denied their cross motion for summary judgment dismissing the first, second, third, and fifth causes of action in the complaint, and (2) an order of the same court dated July 16, 1999, which denied their motion for renewal, and the plaintiffs cross-appeal from so much of the order entered February 25, 1999, as granted the cross motion of the defendants Thomas V. Daily and Life Center of N. Y., Inc., for summary judgment dismissing the first, second, third, and fifth causes of action insofar as asserted against them. Presiding Justice Bracken has been substituted for former Presiding Justice Mangano and Justice McGinity has been substituted for former Justice Sullivan (*see,* 22 NYCRR 670.1 [c]).

Ordered that the order entered February 25, 1999, is modified, on the law, by deleting the provision thereof denying that branch of the cross motion of the defendants Helpers of God's Precious Infants, Inc., Philip J. Reilly, Dorothy Rothar, Michael Marino, and Rose Diaz which was for summary judgment dismissing the first, second, third, and fifth causes of action insofar as asserted against Rose Diaz, and substituting therefor a provision granting that branch of that cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that the order dated July 16, 1999, is reversed, the motion for renewal is granted, and, upon renewal, the prior determination is adhered to; and it is further,

Ordered that the appellants-respondents and the respondents appearing separately and filing separate briefs are awarded one bill of costs payable by the plaintiffs.

In opposition to the various cross motions in which certain of the defendants established, prima facie, their entitlement to judgment as a matter of law, the plaintiffs' counsel, Edward Land, submitted, *inter alia*, a number of purported affidavits which he signed on behalf of the alleged affiants and then notarized, falsely representing that the alleged affiants had signed them in his presence. Only after some of the purported affidavits were challenged by the defendants in their reply papers did the plaintiffs' counsel admit his misrepresentations.

This conduct was wholly improper (*see,* Executive Law § 135-a [2]; § 137; *Reboul, MacMurray, Hewitt, Maynard & Kristol v Quasha,* 90 AD2d 466; *Matter of Napolis,* 169 App Div 469, 471), and the purported affidavits, which had no probative value, should not have been considered by the Supreme Court in its determination of the cross motions (*see, Buonaiuto v Shulberg,* 254 AD2d 384). For the same reason, the defendants' motion for renewal, based upon the discovery of additional improper signatures and false notarizations, should have been granted, and the additional improper affidavits should have been eliminated from consideration as well.

Nevertheless, the plaintiffs proffered other, proper evidence to show the existence of triable issues of fact regarding the activities engaged in by the defendants Helpers of God's Precious Infants, Inc., Philip Reilly, Dorothy Rothar, and Michael Marino. Accordingly, we affirm the denial of those branches of the separate cross motions of those defendants which was for summary judgment insofar as asserted against them. However, the defendants Thomas V. Daily, Life Center of N. Y., Inc., and Rose Diaz demonstrated their entitlement to judgment in their favor as a matter of law dismissing the first, second, third, and fifth causes of action insofar as asserted against them (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *Zuckerman v City of New York,* 49 NY2d 557, 562). The plaintiffs failed to show the existence of any triable issue of fact regarding these defendants. Bracken, P. J., H. Miller and Feuerstein, JJ., concur.

McGinity, J., dissents and votes to reverse the order entered February 25, 1999, grant the cross motion, and dismiss the complaint in its entirety, and to dismiss the appeal from the order dated July 16, 1999, as academic in light of the determination of the appeal from the order entered February 25, 1999, with the following memorandum: The plaintiffs seek injunctive relief based upon the defendants' alleged violations of the N. Y.C. Access to Reproductive Health Services Act, which proscribes certain activities in relation to reproductive health activities. In the amended complaint dated November 5, 1997, the plaintiffs alleged that "[b]etween January 1, 1996 and August 31, 1997, the [d]efendants' violations of the N. Y.C. Access to Reproductive Health Services Act caused plaintiffs to suffer actual damages in the sum of Million [*sic*] dollars." Each of the defendants moved for summary judgment.

By decision and order dated August 21, 2000, this Court, *inter alia,* affirmed the denial of summary judgment to certain defendants. This Court also directed that counsel for the respective parties show cause on the issue of whether the

plaintiffs' counsel, Edward Land, should be sanctioned, based upon that counsel's submission of improperly notarized affidavits.

Subsequently, by decision and order dated December 21, 2000, this Court ordered that the plaintiffs' counsel pay a sanction in the sum of $10,000 for his misconduct in improperly notarizing 11 affidavits.

The defendants now seek leave to reargue and renew the order dated August 21, 2000. The plaintiffs' opposition to reargument, namely, that the motion is untimely and that genuine issues of fact exist with regard to the defendants' conduct, is without merit. I concur with the majority that under the unusual circumstances presented herein, reargument should be granted. However, since the court overlooked certain facts contained in the evidentiary material submitted to the Supreme Court below, upon reargument, summary judgment should be awarded to all of the defendants dismissing the complaint.

In opposition to the motion, the plaintiffs submitted 17 affidavits either of employees of the plaintiff center or persons associated with the center as "escorts" for those persons utilizing the center's services. Subsequently, as noted, 11 of the affidavits submitted in opposition to the defendants' motions for summary judgment were the subject of challenge based upon improper signatures and false notarizations. The majority has determined that these improper affidavits should not have been considered by the Supreme Court, with which determination I concur. The majority has further determined, however, that the plaintiffs proffered other, proper evidence to show the existence of triable issues of fact regarding the activities by the defendants. I disagree.

A perusal of the six remaining affidavits (incidentally all notarized by Mr. Land), shows that they do not demonstrate the existence of triable issues of fact inasmuch as the facts cited either constitute hearsay, conclusory statements, or make no reference to the defendants, or to the times, dates, or matters alleged in the amended complaint (Jan. 1, 1996, to Aug. 31, 1997), or to November 5, 1997, the date of the amended complaint. They are, therefore, of no probative value.

For example, the affidavit of Francis Monck dated October 14, 1998, refers to incidents that allegedly occurred in July, August, and September of *1998*, dates clearly beyond the scope of the dates of the complaint. The affidavit of Sylvia Silva, dated October 16, 1998, refers to an alleged diversionary plan of the defendants to direct patients away from the center; even

if credited, it does not raise a triable issue of fact as to the defendants; the affidavit of Yvonne Virocel, dated October 14, 1998, relates the defendants' alleged harassment of patients in conclusory fashion without any reference to the dates and times alleged in the complaint; the affidavit of Annette Rivera, dated September 14, 1998, refers to an incident of September 9, 1998, wherein two Hispanic males, not alleged to be connected in any way to the defendants, passed by the center and one of them allegedly stated "I am going to burn that f— place down." That affidavit bears no relation to any activities purportedly engaged in by the defendants and does not in any way relate to the defendants. The affidavit of William H. Grae, dated October 16, 1998, refers to an incident that occurred in November 1996, but which did not involve any of the named defendants and did not satisfactorily establish any link to the defendant organization; the further incident referred to occurred on August 15, *1998*, and is, once again, beyond the scope of the amended complaint. The affidavit of Sharon Kennedy, dated October 14, 1998, refers to alleged incidents within the time frame of the complaint, March 8, 1997, and September 13, 1997, but not to any of the named defendants, nor did it demonstrate any activity that would constitute conduct to be enjoined.

Thus, the six remaining affidavits, even if fully credited, do not show the existence of a triable issue of fact regarding the activities engaged in by the defendants Helpers of God's Precious Infants, Inc., Philip Reilly, Dorothy Rothar, and Michael Marino, and are patently insufficient to defeat their motions for summary judgment. Further, it is noted that in support of the motion for summary judgment, the defendants submitted affidavits from nonparty independent witnesses, including three neighborhood residents with personal knowledge of the defendants' activities, as well as the deposition testimony of the two police officers who were assigned to a post outside the plaintiffs' building since 1994, to the effect that the defendants did not engage in the activities asserted by the plaintiffs. The plaintiffs failed to proffer sufficient proof to rebut such evidence. Accordingly, all of the defendants are entitled to summary judgment dismissing the complaint. [*See*, 275 AD2d 381.]