OPINION OF THE COURT
Toni A. Bean, J.
*650 A hearing was held, on November 19, 2004 to address certain ethical concerns raised by irregularities in the papers submitted by plaintiffs’ counsel in the above-captioned actions, as set forth in this court’s interim memorandum decision and order dated October 28, 2004. Edward Shapiro and his associate Jason Moroff appeared at the hearing as directed, as well as counsel for the defendants.
The plaintiffs, represented by Edward Shapiro and his law firm, have moved for summary judgment in each of these seven actions for assigned first-party no-fault benefits. Each of the plaintiffs’ motions for summary judgment contains an affirmation by Edward Shapiro in which Mr. Shapiro affirms that the plaintiffs “bills” were mailed on a particular date by “Edward Shapiro, Attorney at Law.” This affirmation has been offered to establish the timely mailing of each plaintiffs no-fault claim as part of that plaintiffs prima facie case.
In response to Mr. Shapiro’s affirmation, defendants Progressive Northeastern Insurance Company and General Assurance Co. have cross-moved for summary judgment and to disqualify Edward Shapiro as attorney for the plaintiffs under the witness-advocate rule, set forth at Disciplinary Rule 5-102 of the Code of Professional Responsibility (22 NYCRR 1200.21), on the ground that Mr. Shapiro’s testimony is necessary to establish a material element of each plaintiffs cause of action.
The matter was set down for a hearing after it was noted that there were obvious differences in the signatures of Mr. Shapiro and his associate, Mr. Moroff, in papers filed with the court, and that affirmations submitted by Mr. Shapiro and Mr. Moroff contained patently contradictory and misleading language. Specifically, Mr. Shapiro’s affirmations in support of summary judgment indicated that he personally mailed each plaintiffs no-fault claim, while Mr. Moroff’s affirmations opposing disqualification stated that a nonlawyer employee of the law firm submitted the claims and that “at no time does an attorney submit the bills to the insurance carrier.” These irregularities are of particular concern given the fact that Mr. Shapiro’s law firm has commenced hundreds of actions in the Third District Court on behalf of medical providers for assigned first-party no-fault benefits, and has brought similar motions for summary judgment in many of those actions. The stated purpose of the hearing was to determine whether counsel’s actions constituted sanctionable conduct under 22 NYCRR 130-1.1 (a).
*651 At the hearing, both Mr. Shapiro and Mr. Moroff stated that the plaintiffs’ bills were not actually mailed by Mr. Shapiro, but by a representative of the firm. It was their contention that, at the time the bills were mailed to the carriers, the name of the firm was “Edward Shapiro, Attorney at Law.” In January of 2004, the firm’s name was changed to “Edward Shapiro, EC.” Both maintained that the office inadvertently failed to change the template on the attorney’s “Affirmation” of mailing to read “Bills were sent ... by Edward Shapiro, P.C.” Counsel for the plaintiffs contend that it was not their intent to deceive the court and expressed their apologies if that impression was given.
Although it is Mr. Shapiro’s assertion that it was not his intent to deceive the court as to who actually mailed the claims to the carriers, after reviewing the testimony of both Mr. Moroff and Mr. Shapiro, this court is constrained to conclude otherwise. It is this court’s opinion that Mr. Shapiro engaged in a pattern of behavior which can only be characterized as a deliberate attempt to mislead the court. Each affirmation in support of the motions for summary judgment sets forth the elements for establishing a prima facie case for a no-fault claim. The inclusion of the affirmation of mailing in each of these cases conclusively establishes the awareness by counsel that such documentation was an important element in determining whether summary judgment was appropriate. Moreover, it is inconceivable that Mr. Shapiro, whose practice involves substantial work in the no-fault field, was unaware that an affirmation or affidavit of mailing must be submitted by the person who actually did the mailing. (See, e.g., Comprehensive Mental v Lumbermens Mut. Ins. Co., 4 Misc 3d 133[A], 2004 NY Slip Op 50745[U] [App Term, 9th & 10th Jud Dists 2004]; Oceanside Med. Healthcare, P.C. v Progressive Ins., NYLJ, May 23, 2002, at 22, col 4; Vinings Spinal Diagnostic v Liberty Mut. Ins. Co., 186 Misc 2d 287, 290-291 [2000].)
The assertion that it was not their intent to deceive this court is further unbelievable upon this court’s review of Mr. Moroff s affirmation in MZ Dental, Inc. v Progressive Northeastern Ins. Co. The affirmation of mailing by Mr. Shapiro states that the bills were mailed by “Edward Shapiro, Attorney at Law.” Mr. Moroff in his affirmation states: “In this instance Edward Shapiro, P.C. did not submit the bill in question” (emphasis added). However, in paragraphs 12 and 13, it states that an employee of their office mailed the bill. In raising these arguments in opposition to disqualifying Edward Shapiro, Esq. as attorney for *652 plaintiff, it would stand to reason that his reference in paragraph 6 to “Edward Shapiro, P.C.” is in fact Edward Shapiro, Esq.
Notwithstanding the protestations of Mr. Moroff and Mr. Shapiro to the contrary, the language utilized by Mr. Shapiro, i.e., that the bills were mailed by “Edward Shapiro, Attorney at Law,” can only be construed as a representation that Mr. Shapiro personally mailed the bills. There can be no doubt that the statements purportedly made by Mr. Shapiro in these “affirmations” were deliberately false.
Equally disturbing to this court is Mr. Shapiro’s admission that none of the documents purportedly executed by Mr. Shapiro were, in fact, executed by him. Clearly, Mr. Shapiro cannot once again contend that it was not his intent to deceive the court. Pursuant to the Rules of the Chief Administrator of the Courts, all documents prepared by counsel that are “served on another party or filed or submitted to the court shall be signed by an attorney” (22 NYCRR 130-1.la [a]). There was not a single excuse or good cause offered by counsel for his failure to execute any of these documents. Mr. Moroff similarly admitted that on at least two occasions he instructed someone else to sign his name to documents submitted to the court even though he was present in the office.
The original signature by counsel is intended to certify that the presentation of the papers or the contents contained therein are not frivolous. (See, 22 NYCRR 130-1.la [b].) The purported unintended error in the attorney affirmation of mailing may be considered a mistake or an inadvertent error on the first few submissions of these similar motions. However, had counsel reviewed the moving papers, the error would have or should have been detected and corrected. The acknowledgment that the error was only corrected most recently, after this hearing was ordered, demeans the integrity of this court and the profession. The methods practiced by Mr. Shapiro and Mr. Moroff strongly suggest a greater interest in their own monetary benefit than in the integrity of the documents submitted.
Finally, Mr. Moroff and Mr. Shapiro contend that whether the affirmation of mailing satisfies a requirement of their prima facie case is no longer at issue once the carrier acknowledges receipt of the bill on the NF-10 denial of claim form. In support of their argument reference is made to the case of A.B. Med. Servs., PLLC v New York Cent. Mut. Fire Ins. Co. (3 Misc 3d 136[A], 2004 NY Slip Op 50507[U] [App Term, 2d & 11th Jud Dists 2004]).
*653 Recognizing the court’s holding in A.B. Med. Servs., the finding therein is not applicable to at least three of the seven matters herein. In the cases of Olmecs v Progressive, Olmecs v General Ins. Co. and Olmecs v Progressive, an NF-10 was not contained in the moving or opposing papers. Accordingly, the plaintiff was required to make out a prima facie case in the first instance. However, as admitted by counsel, the affirmation of mailing was not executed by the person who actually mailed the bills. The plaintiff has therefore not established a prima facie case in these matters. In addition, the supporting affirmation of mailing was not actually executed by counsel.
In any event, such arguments are not relevant to the court’s . concerns regarding counsel’s pattern of misrepresentation. An attorney, as an officer of the court, has an ongoing professional duty to state the truth in papers filed with the court. (See, Advisory Comm Notes, reprinted following NY Cons Laws Serv, Book 4C, CPLR 2106, at 440.) In acknowledgment of the attorney’s awareness of this duty and of the consequences for making a false statement, CPLR 2106 authorizes the attorney to simply sign his or her own statement and to affirm its truth subject to the penalties of perjury. Such affirmation has the same effect as an affidavit sworn to before a notary public. (See, V Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 2106.)
Am “affirmation” of an attorney which has not been signed by the attorney is of no force and effect. (See, Matter of American Sec. Ins. Co. v Austin, 110 AD2d 697 [2d Dept 1985].) Moreover, an affidavit purported to be that of one person, but signed by another is worthless and a nullity. (See, A.B. Med. Servs. PLLC v CNA Ins. Co., 2 Misc 3d 138[A], 2004 NY Slip Op 50265[U] [App Term, 2d & 11th Jud Dists 2004]; Reboul, Mac-Murray, Hewitt, Maynard & Kristol v Quasha, 90 AD2d 466, 466 [1st Dept 1982], citing 1 NY Jur 2d, Acknowledgments, Affidavits, Oaths, Notaries and Commissioners § 58, at 257.) A falsely subscribed attorney’s affirmation is not only worthless, but may be sanctionable as well. (See, e.g., Park Health Ctr. v Country Wide Ins. Co., 1 Misc 3d 906[A], 2003 NY Slip Op 51529[U] [Civ Ct, Queens County 2003].)
In the court’s opinion, the failure of counsel to sign the affirmations filed with this court in each of these seven actions, without good cause shown, nullifies the motions. (See, 22 NYCRR 130-1.la.) Plaintiffs’ motions for summary judgment are accordingly denied.
*654 Similarly, in each of the actions the original summons and complaint, as admitted by counsel, does not bear his true signature. The fraudulent signatures offered by counsel in feigned compliance with the requirements of 22 NYCRR 130-1.1a are part of the pattern of deceptive practices engaged in by Mr. Shapiro and Mr. Moroff which has prejudiced the defendants in these actions. The court in its memorandum decision in these actions dated October 24, 2004 apprised Mr. Shapiro and Mr. Moroff of the differences in attorney signatures. This irregularity was one of the issues for which the hearing was scheduled. With full knowledge of the false signatures on the summonses and complaints, there was never an attempt or offer to correct the signatures in each action. Consequently, the complaint in each action shall be dismissed without prejudice. (See, 22 NYCRR 130-1.la [a].) The cross motions are thereby moot.
Viewing the actions in totality, this court finds the actions of Mr. Shapiro and Mr. Moroff to be sanctionable under 22 NYCRR 130-1.2. Despite the comments by Mr. Moroff and Mr. Shapiro, these actions demonstrate an intent to deceive the court and their adversaries. Material factual statements were falsely presented to this court. This conduct is deemed frivolous and sanctionable. The egregious actions by counsel cannot be ignored. A total fine of $35,000 ($5,000 for each action) is hereby assessed against counsel for the plaintiffs to be paid to the Lawyers’ Fund for Client Protection, 119 Washington Avenue, Albany, New York 12210.