█ PATRICIA A. DOWLING, Appellant, v ACEA MOSEY, as Erie County Public Administrator and as Administratrix of the Estate of CHARLES A. SALETTA, Deceased, Respondent. [821 NYS2d 326]—

Appeal from an order of the Supreme Court, Erie County (Kevin M. Dillon, J.), entered May 24, 2005 in a personal injury action. The order granted defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated.

Memorandum: Plaintiff appeals from an order granting defendant's motion for summary judgment on the ground that plaintiff did not sustain a serious injury as defined in Insurance Law § 5102 (d). We reverse. In opposition to the motion, plaintiff submitted, inter alia, a December 28, 1999 report of her treating orthopedist that was affirmed under penalty of perjury but contained only a stamped facsimile signature, as well as the notation that it had been "dictated . . . but not read." Contrary to plaintiff's contention on appeal, that report is not in admissible form (see CPLR 2106; *Park Health Ctr. v Country-Wide Ins. Co.*, 1 Misc 3d 906[A], 2003 NY Slip Op 51529[U], *3; *Sandymark Realty Corp. v Creswell*, 67 Misc 2d 630, 631 [1971]; *Macri v St. Agnes Cemetery*, 44 Misc 2d 702, 703-704 [1965]). We nevertheless conclude that defendant waived any objection to the deficient affirmation by failing to raise the issue of its admissibility (see *Akamnonu v Rodriguez*, 12 AD3d 187 [2004]; *Shinn v Catanzaro*, 1 AD3d 195, 198 [2003]; *Scudera v Mahbubur*, 299 AD2d 535 [2002]; *Sam v Town of Rotterdam*, 248 AD2d 850, 851 [1998], lv denied 92 NY2d 804 [1998]; see also *Bax v Allstate Health Care, Inc.*, 26 AD3d 861, 863 [2006]). We further conclude that the orthopedist's report, together with plaintiff's deposition testimony, raises triable issues of fact whether plaintiff sustained a fracture as well as a medically determined injury that prevented her from performing substantially all of her usual and customary daily activities for at least 90 days during the 180 days immediately following the accident (see Insurance Law § 5102 [d]). Present—Pigott, Jr., P.J., Hurlbutt, Martoche and Green, JJ.