■ VISTA SURGICAL SUPPLIES, INC., as Assignee of MELVIN BEVERLY, Respondent, v TRAVELERS INSURANCE COMPANY, Appellant. [— NYS2d —]—

In an action to recover assigned first-party no-fault benefits under an insurance contract, the defendant appeals, by permission, from an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated December 15, 2006 [14 Misc 2d 128(A), 2006 NY Slip Op 52502(U)], which reversed so much of an order of the Civil Court of the City of New York, Kings County (Sweeney, J.), dated September 14, 2005, as denied the plaintiff's motion for summary judgment on the complaint, and thereupon granted the plaintiff's motion.

Ordered that the order is affirmed, with costs.

The plaintiff established, prima facie, its entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Contrary to the defendant's contention, the Appellate Term properly determined that the peer review reports submitted in opposition to the plaintiff's motion for summary judgment on the complaint were inadmissible since they contained computerized, affixed, or stamped facsimiles of the physician's signature. These reports failed to comply with CPLR 2106, since they were not subscribed and affirmed, but merely contained facsimiles of the physician's signature without any indication as to who placed them on the reports, nor are there any indicia that the facsimiles were properly authorized (see Dowling v Mosey, 32 AD3d 1190, 1191 [2006]; Security Pac. Natl. Trust Co. v Cuevas, 176 Misc 2d 846 [1998]; Sandymark Realty Corp. v Creswell, 67 Misc 2d 630 [1971]; Macri v St. Agnes Cemetery, 44 Misc 2d 702 [1965]). Thus, the reports did not constitute competent evidence sufficient to defeat the plaintiff's motion (see generally Burgos v Vargas, 33 AD3d 579 [2006]; Bourgeois v North Shore Univ. Hosp. at Forest Hills, 290 AD2d 525 [2002]; Doumanis v Conzo, 265 AD2d 296 [1999]; MZ Dental, P.C. v Progressive Northeastern Ins. Co., 6 Misc 3d 649 [2004]). Accordingly, the Appellate Term properly granted the plaintiff's motion for summary judgment on the complaint based on the defendant's failure to raise a triable issue of fact in opposition to the plaintiff's prima facie showing on the motion. Lifson, J.P., Florio, Eng and Chambers, JJ., concur.