OPINION OF THE COURT
Alice Fisher Rubin, J.
Both of the above-captioned actions are for recovery of unpaid no-fault medical bills. Plaintiff seeks to collect monies due after defendant denied reimbursement for bills received from plaintiff for medical services rendered to the assignors, Johnson and Diggs. Defendant’s denials were based on a lack of medical necessity.
During trials before this court on July 29 and August 4, 2010 to determine the issue of medical necessity of the treatments rendered, the court was presented with novel issues regarding the admissibility of some of defendant’s documents. The court reserved decision and instructed both parties to submit legal briefs discussing the issues. After reviewing the briefs and the law, the court finds that defendant did not establish its prima facie case and hereby enters judgment in favor of plaintiff.
Discussion
In both cases, defendant stipulated that plaintiff had established its prima facie case by proving that its claims were mailed and received by defendant, and that payment of no-fault benefits is overdue. Plaintiff stipulated that defendant issued timely and proper denials, but did not stipulate that defendant had a proper basis for the denials. The denials, written by Dr. Sohn, were based upon peer reviews, each authored either by himself, Dr. Ferrante or Dr. Snitkoff. Dr. Snitkoff was the only doctor not available to testify.
In the Johnson case, only one out of the four peer reviews presented was admitted into evidence. Two of the peer reviews not admitted were signed by Dr.'Ferrante, but not notarized or dated; the third peer review not admitted was signed by Dr. Snitkoff, but not notarized. In the Diggs case, one peer review was admitted into evidence and two were not. The peer reviews *487 not admitted, allegedly by Drs. Sohn and Snitkoff, were unsigned and not notarized.[1]
The parties were to discuss the peer reviews not admitted into evidence in their memoranda. Generally, an unsigned peer review does not constitute admissible evidence and cannot be used to support a lack of medical necessity defense. (See CPLR 2106; Bronx Multi Med. Care, P.C. v Kemper Cas. Ins. Co., 21 Misc 3d 127[A], 2008 NY Slip Op 51928[U] [App Term, 1st Dept 2008].) Additionally, a peer review must be properly authorized or affirmed, by a notary, for example, in order to be admissible. (See Vista Surgical Supplies, Inc. v Travelers Ins. Co., 50 AD3d 778, 778 [2d Dept 2008]; Sandymark Realty Corp. v Creswell, 67 Misc 2d 630, 631 [Civ Ct, NY County 1971].) This court is not aware of any law which requires a peer review to be dated. However, the court hereby deems the date to be a necessary component in order to further authenticate the document, and also to ensure that the peer review is accurately described in the denial.
Peer Reviews Not Admitted Into Evidence
[[Image here]]
[[Image here]]
Defendant’s Arguments
Defendant’s memorandum includes several arguments. First, defendant states that it provided plaintiff with an expert witness disclosure on July 1, 2010 and plaintiff did not object to any documents contained in the disclosure. It is defendant’s position that plaintiff has now waived any objections to any information that was included in the disclosure because there was ample time to review and take action before trial. Defendant also proffers that any defect which may have existed in the *488 denials was cured by plaintiff stipulating that they were timely and proper.
Lastly, defendant states that because Drs. Sohn and Ferrante were present to testify about their own peer reviews, the reviews do not have to be in evidence for their testimony to be valid. In support of this argument, defendant relies on Urban Radiology, P.C. v Tri-State Consumer Ins. Co. (27 Misc 3d 140[A], 2010 NY Slip Op 50987[U], *2 [2010]), which states that where the underlying documents relied upon by a doctor to write a peer review are not used for their truth,[2] but only to form an opinion based on the information contained in the documents, the defendant does not have to establish the reliability of those documents.
Plaintiffs Arguments
In its memorandum, plaintiff concedes to stipulating that defendant’s denials were timely, but emphasizes that it only stipulated that the denials were proper in form, not in substance. According to St. Barnabas Hosp. v Allstate Ins. Co. (66 AD3d 996, 996 [2d Dept 2009]), a proper denial of a claim for no-fault benefits must include not only standard form information prescribed by the Insurance Department, but also must “promptly apprise the claimant with a high degree of specificity of the ground or grounds on which the disclaimer is predicated” (internal quotation marks and citations omitted). Plaintiff posits that defendant’s denials fail to state viable reasons with specificity.
Next, plaintiff notes that none of the documents relied upon by either Dr. Sohn or Dr. Snitkoff in creating their peer reviews were admitted into evidence, and that neither party had any personal knowledge of where the documents came from. Plaintiff also asserts that the undated peer reviews do not provide any evidence that they are the peer reviews referred to in defendant’s denials, and there was no testimony to provide an explanation for the omissions.
Finally, plaintiff argues that a peer review must be in evidence to be used as a basis for a denial. Plaintiff claims that an unsubstantiated, inadmissible peer review is equivalent to no peer review at all; therefore, a denial based on such a peer review is unsubstantiated as well. Plaintiff cites Innovative Chiropractic, P.C. v Travelers Ins. Co. (27 Misc 3d 141 [A], 2010 NY *489 Slip Op 50994[U], *1 [App Term, 2d, 11th & 13th Jud Dists 2010]), which explains that a proper peer review “set[s] forth a factual basis and medical rationale for the conclusion that there was a lack of medical necessity for the services at issue.” Following this rationale, plaintiff asserts that before defendant can even prove the denials are proper, a peer review must first be in admissible form, which is not the case here.
Defendant Has Not Proved Its Prima Facie Case
Although plaintiff did not object to the documents contained in defendant’s expert witness disclosure before trial, defendant has not provided, and the court has not found, any authority to support the notion that plaintiff waived its ability to object to the denials during trial. Further, the court cannot support defendant’s argument that plaintiffs stipulation cured the defects in defendant’s denials. At least one case has stated that a defective denial cannot be corrected nunc pro tunc beyond the time period where the denial is due. (See Nyack Hosp. v State Farm Mut. Auto. Ins. Co., 11 AD3d 664, 665 [2d Dept 2004].) However, the Nyack case is silent on the process of how a defective denial is cured, even within the time period of when it is due.
Defendant’s final argument suggests that, although some of the peer reviews by Drs. Sohn and Ferrante were not in evidence, the doctors’ testimony regarding those documents is still valid. The Urban case cited by defendant, however, only states that a party does not have to establish the reliability of the underlying documents used to create a peer review, but does not state that the same is true for the actual peer review. As stated previously, there is case law providing that a peer review must be admissible to be used in establishing a lack of medical necessity defense.
Based on the law, neither of the peer reviews at issue in the Diggs case can be rendered admissible because they were not signed, regardless that one of the doctors was present to testify. Since the documents are not admissible, they cannot serve as a valid basis for defendant’s denials and, therefore, defendant is not able to establish its prima facie case.
In the Johnson case, because Dr. Snitkoff was not present, there is no way to authenticate his signature, and his peer review is therefore inadmissible. Although not notarized, it would seem as though Dr. Ferrante’s peer reviews are admissible because he was present in court to affirm his own *490 signature. However, because both of his peer reviews fail to state the date they were signed, this court cannot ensure that the peer reviews presented were the ones relied upon and referenced in the denials. Based upon the aforementioned facts and law, defendant has not provided sufficient proof of its medical necessity defense and judgment is entered in favor of plaintiff.

. Plaintiff argues that the one peer review admitted in the Diggs case was in error because there was a month-long gap between the date of the peer review and the date it was signed, which is a violation of CPLR 4518. The court finds this argument to be misplaced and will not review the documents already admitted into evidence.

. For example, to prove that there was an injury or that a patient was treated as set forth in the records. (Urban Radiology, P.C., 2010 NY Slip Op 50987PJ], *2.)