Ramirez v Miah (2018 NY Slip Op 07472)





Ramirez v Miah


2018 NY Slip Op 07472


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
HECTOR D. LASALLE
BETSY BARROS, JJ.


2015-05340
 (Index No. 2623/13)

[*1]Jaime Ramirez, appellant, 
v
Modobbir Miah, et al., respondents.


Frekhtman & Associates, Brooklyn, NY (Eileen Kaplan and Alex Rybakov of counsel), for appellant.
Lewis Johs Avallone Aviles, LLP, Islandia, NY (Robert A. Lifson of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), dated January 13, 2015. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine did not constitute serious injuries under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614).
In opposition, however, the plaintiff submitted evidence raising a triable issue of fact as to whether he sustained serious injuries to the cervical and lumbar regions of his spine (see Perl v Meher, 18 NY3d 208, 218-219). We disagree with the Supreme Court's determination that the electronic signature on the plaintiff's physician's affirmed report was insufficient to render the report admissible pursuant to State Technology Law §§ 302(3) and 304(2) (see Forcelli v Gelco Corp., 109 AD3d 244, 250-251; Naldi v Grunberg, 80 AD3d 1, 12-13; cf. Vista Surgical Supplies, Inc. v Travelers Ins. Co., 50 AD3d 778).
Thus, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.
BALKIN, J.P., SGROI, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court