Big Apple Delivery Supply Corp. v Plymouth Rock Assur. Corp. of N.Y. (2025 NY Slip Op 50315(U))

[*1]

Big Apple Delivery Supply Corp. v Plymouth Rock Assur. Corp. of N.Y.

2025 NY Slip Op 50315(U)

Decided on March 11, 2025

Civil Court Of The City Of New York, Richmond County

Pinto, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 11, 2025
Civil Court of the City of New York, Richmond County

Big Apple Delivery Supply Corp. AS ASSIGNEE OF AMADOU NDIAYE, Plaintiff

against
Plymouth Rock Assurance Corporation of New York, Defendant

Index No. CV-745565-23/RI

Kopelevich & Feldsherova PC for Plaintiff
Nicolini, Paradise, Ferretti & Sabella for Defendant

Michael J. Pinto, J.

Recitation, as required by CPLR 2219 (a), of the papers considered in the review of this application:
Papers NYSCEF Numbered
Notice of Motion and Affirmation/Affidavit annexed 18-29
Affirmation in Opposition 34
Affirmation in Reply 35
Upon the foregoing cited papers, and after argument, the decision on Defendant's Motion for Summary Judgment is as follows:
Plaintiff, BIG APPLE DELIVERY SUPPLY CORP. (hereinafter, "Plaintiff"), as assignee of AMADOU NDIAYE (hereinafter, "Assignor"), commenced this action against the defendant, PLYMOUTH ROCK ASSURANCE CORPORATION OF NEW YORK (hereinafter, "Defendant"), to recover assigned first-party No-Fault benefits for medical treatment provided to Assignor.
Defendant filed a motion for summary judgment, pursuant to CPLR 3212, based on the grounds that (i) the services provided were not medically necessary; (ii) the Plaintiff did not bill pursuant to the appropriate fee schedule; and (iii) the policy limits have been exhausted. Plaintiff submitted opposition to Defendant's motion, and the Defendant submitted an affirmation in reply. The motion was argued before the undersigned and submitted.
The Plaintiff initiated this action seeking payment for two bills for services rendered on May 18, 2023 (the "May bill"), and June 19, 2023 (the "June bill"). The Defendant denied both bills on the grounds that the services provided were not medically necessary. The Defendant [*2]further denied the June bill on the basis that it was billed in excess of the appropriate fee schedule. The Defendant states that as of the date of the motion, the policy has been exhausted. In support of its motion, the Defendant offers an affirmation of Betsy Druckman (the "Druckman Affirmation"), a New York no-fault litigation specialist for Plymouth Rock Management Company of New Jersey, an entity which manages the Defendant. Among the Defendant's exhibits are two peer reports by Dr. Richard Coven, a fee schedule report by Kimberly Spahr, the bills and denials at issue, and various policy documentation.
Ms. Druckman states that she is personally familiar with the standard business practices of the Defendant, specifically relating to the processing of incoming claims, the preparation and issuance of correspondence, and denials. The Druckman Affirmation provides a detailed analysis of how claims are processed and how documents are created in relation to those claims. It further details the process on how denials are printed, addressed, and mailed to the appropriate providers. Ms. Druckman specifically addresses the bills at issue in this matter and the creation of the denials in connection with the bills. She states that the May bill, received on June 26, 2023, was denied on July 13, 2023; and the June bill, received on July 28, 2023, was denied on August 16, 2023. Lastly, she incorporates as Defendant's business records the denials, the policy, and payment ledger.
Defendant argues that there was no medical necessity for the medical supplies provided by the Plaintiff in connection with the May bill and the June bill. Annexed to the Defendant's motion are Dr. Coven's peer review reports, dated June 10, 2023 (for the May bill) and August 14, 2023 (for the June bill). In both reports, Dr. Coven opines that there was no medical necessity for the provided supplies. Defendant also seeks summary judgment on the basis that the Plaintiff billed in excess of the proper fee schedule. In support, the Defendant submits an affidavit of Kimberly Spahr, a professional coder, which demonstrates the excess billing. Lastly, the Defendant argues that, as of August 22, 2024, the policy has been exhausted, annexing a payment log that states all payments made on the policy.
In opposition, Plaintiff argues that the Defendant failed to lay a proper foundation for the annexed documents. Specifically, Plaintiff argues that Dr. Coven's peer review reports are inadmissible because they are electronically signed. Plaintiff further argues that the Defendant failed to establish it timely mailed the denials at issue in this case and failed to establish its defenses of improper billing and policy exhaustion. In reply, Defendant does not deny that Dr. Coven's reports are electronically signed, but rather argues that the Plaintiff has not proffered any expert analyses regarding Dr. Coven's signatures.
A motion for summary judgment should be granted if "upon all the papers and proofs submitted, the cause of action shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any of the parties." (CPLR 3212). Summary judgment is a drastic remedy which should only be employed when there is no doubt as to the absence of triable issues (Chiara v Town of New Castle, 126 AD3d 111, 125 [2d Dept 2015], citing Millerton Agway Cooperative, Inc. v Briarcliff Farms, Inc., 17 NY2d 57 [1966]).
A presumption of proper mailing may be created by either proof of actual mailing or proof of a standard office practice or procedure designed to ensure that items are properly addressed and mailed (New York & Presbyt. Hosp. 29 AD3d 547 [2d Dept 2006], quoting Residential Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679, 680 [2d Dept 2001]).
Based upon the evidence submitted by the Defendant, the Court finds that the Defendant established that it timely denied Plaintiff's bills at issue. The affirmation of Betsy Druckman, [*3]submitted in support of Defendant's motion, establishes that the Defendant timely denied Plaintiff's bills and set forth the procedures for the creation and mailing of claim denial forms.
The Court first turns into attention to the Defendant's denials on the basis of lack of medical necessity. Defendant presents the peer review reports of Dr. Coven who concludes that based upon his experience and review of the medical records there was no medical necessity for the supplies provided by the Plaintiff in relation to the May bill and the June bill.
In opposition, Plaintiff argues that Dr. Coven's reports are inadmissible in that they were signed with an electronic signature, rather than "a fluid stroke of a hand signature."[FN1]
Plaintiff states that the reports fail to satisfy the requirements set forth in Vista Surgical Supplies, Inc. v Travelers Ins. Co., and is inadmissible (50 AD3d 778 [2d Dept 2008]). In Vista Surgical Supplies, Inc., the Appellate Division, Second Department, held that peer review reports "failed to comply with CPLR 2106, since they were not subscribed and affirmed, but merely contained facsimiles of the physician's signature without any indication as to who placed them on the reports, nor are there any indicia that the facsimiles were properly authorized" (Id.).
Since Vista Surgical Supplies, Inc. was decided, the Appellate Division, Second Department, has repeatedly held that reports utilizing electronic signatures are admissible, pursuant to State Technology Law §§ 302 (3) and 304 (2).[FN2]
In Aziz v Friendly Tr., Inc., the court held that "[c]ontrary to the plaintiffs' contention, the expert reports submitted by the defendants in support of their motion, which were electronically signed, were admissible" (231 AD3d 780, 781 [2d Dept 2024]).[FN3]
Likewise, in Ramirez v Miah, the court held that the electronic signature on the physician's affirmed report was "sufficient to render the report admissible," overturning the Supreme Court's decision (166 AD3d 690, 691 [2d Dept 2018]).
In Vista Surgical Supplies, Inc., the court found the report inadmissible because it was not subscribed and affirmed in compliance with CPLR 2106. With that understanding, this Court must determine whether Dr. Coven's reports were properly subscribed and affirmed within the meaning of CPLR 2106. Based upon the facts herein and recent appellate authority, this Court finds that Dr. Coven's reports are properly subscribed and affirmed by his electronic signature, and the reports are admissible.
Dr. Coven's peer review reports are dated July 10, 2023, and August 14, 2023, before the recent amendments were made to CPLR 2106. Prior to January 1, 2024, an affirmation by a physician was authorized in lieu of an affidavit when it was "subscribed and affirmed by him to be true under the penalties of perjury" (CPLR 2106).
Section 304(2) of the State Technology Law states "an electronic signature may be used by a person in lieu of a signature affixed by hand. The use of an electronic signature shall have the same validity and effect as the use of a signature affixed by hand." In Naldi v Grunberg, the First Department, held that the word "subscribed" in relation to General Obligations Law § 5-703 "should now be construed to include, respectively, records of electronic communications and electronic signatures" (80 AD3d 1, 12 [1st Dept 2010]). The Second Department cited to Naldi in holding that an electronic signature may be deemed a "subscribed writing" (Forcelli v Gelco Corp., 109 AD3d 244, 251 [2d Dept 2013]). The Second Department has continuously cited Forcelli in finding that electronic signatures are sufficient to render physician reports admissible.[FN4]
Based upon this appellate authority, this Court finds that Dr. Coven's electronic signature constitutes a subscribed writing. The Court also finds that the reports contain the appropriate affiant language, specifically that Dr. Coven "hereby affirm[s] under the penalty of perjury that the statements contained herein are true and accurate." Accordingly, the Court holds that the Dr. Coven's reports comply with the requirements of CPLR 2106 and are admissible for purposes of this motion.[FN5]
The Court finds the Plaintiff's remaining arguments regarding the admissibility of the peer review reports to be without merit.
In the July 10, 2023, report, Dr. Coven finds that the medical supplies provided on May 18, 2023, by the Plaintiff were not medically necessary. Likewise, Dr. Coven makes the same finding in his report dated August 14, 2023, for the supplies provided on June 19, 2023. The Defendant has established its entitlement to summary judgment on grounds that the services provided were not medically necessary. The Plaintiff has failed to offer any affirmation or testimony to rebut Defendant's showing. Therefore, the Defendant is entitled to summary judgment.[FN6]

As the Court grants summary judgment on the grounds of lack of medical necessity, it does not consider the remaining branches of the Defendant's motion.
Accordingly, it is hereby
ORDERED that the Defendant's motion is GRANTED in its entirety; and it is further
ORDERED that the matter is DISMISSED.
The foregoing constitutes the Decision and Order of the Court.
Date: March 11, 2025
Staten Island, New York
Hon. Michael J. Pinto
Judge, Civil Court

Footnotes

Footnote 1:As the Defendant has failed to rebut the Plaintiff's argument that the peer reports are electronically signed, this Court continues under the presumption that both peer reports were signed electronically.

Footnote 2:The disputed report in Vista Surgical Supplies, Inc. utilized a "stamped facsimile of the doctor's signature" (Vista Surgical Supplies, Inc. v Travelers Ins. Co., 14 Misc 3d 128(A) [App Term 2006], affd, 50 AD3d 778 [2d Dept 2008].

Footnote 3:A review of the contested physician affirmations filed in the Supreme Court reveals that the attestation clauses contain no further indicia of authorization than that which is present in the current matter.

Footnote 4:See Aziz v Friendly Tr., Inc., (231 AD3d 780 [2d Dept 2024]); Ramirez v Miah, 166 AD3d 690 [2d Dept 2018]).

Footnote 5:As the Court finds that the peer reports are properly subscribed and affirmed, the Court believes its decision is in accordance with the Appellate Division's holding in Vista Surgical Supplies, Inc.

Footnote 6:While the majority of the analysis is devoted to the admissibility of electronically signed peer reports, the Defendant would be entitled to summary judgment whether the peer reports were signed electronically or by hand.