*71 OPINION OF THE COURT
Memorandum.
Judgment affirmed without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment. Defendant opposed the motion, claiming, based upon two peer review reports, that the medical services provided were not medically necessary. In reply, plaintiff asserted that the peer review reports did not constitute evidence in admissible form since they were not properly affirmed, as the doctors’ signatures were affixed by stamp. Insofar as is relevant to the instant appeal, the court below granted plaintiff partial summary judgment on its first cause of action, finding that the peer review report with respect to the claim in question was not in admissible form because the signature was not affixed in accordance with CPLR 2106. This appeal by defendant ensued.
Since defendant does not challenge plaintiffs establishment of its prima facie case, we do not pass upon the propriety of the determination of the court below with respect thereto.
In opposition to plaintiffs motion for summary judgment, defendant was required, in order to raise a triable issue of fact as to medical necessity, to proffer proof in admissible form (see A.B. Med. Servs. PLLC v Lumbermens Mut. Cas. Co., 4 Misc 3d 86 [App Term, 2d & 11th Jud Dists 2004]). In its opposing papers, defendant submitted an affirmed peer review report which stated that there was a lack of medical necessity for the medical services provided by plaintiff. In its reply papers, plaintiff asserted that the peer review report upon which defendant relied was not in admissible form pursuant to CPLR 2106 because it bore a facsimile of the peer reviewer’s signature. Although defendant argues that plaintiffs contention was improperly raised for the first time in plaintiff’s reply papers, the reply affirmation from plaintiffs counsel was responsive to defendant’s papers, since defendant first proffered the peer review report in inadmissible form in opposition to plaintiff’s motion and plaintiff was pointing out said defect in form. Inasmuch as defendant concedes that the peer review report bears an electronic stamped facsimile of the doctor’s signature, and there is nothing in the record to indicate that the facsimile signature was placed on the report by the doctor who performed the peer *72 review or at his direction, defendant failed to raise a triable issue of fact with respect to the claim at issue (see Vista Surgical Supplies, Inc. v Travelers Ins. Co., 50 AD3d 778 [2008]). Accordingly, the judgment is affirmed.
We note that the affirmation by Dr. Sharahy, annexed to the appellant’s brief, may not be considered by the court as it is dehors the record (see Chimarios v Duhl, 152 AD2d 508 [1989]).
Pesce, EJ., Weston Patterson and Rios, JJ., concur.