OPINION OF THE COURT
Lisa S. Ottley, J.
Plaintiff commenced this action against the defendant to recover first-party no-fault benefits pursuant to section 5106 of the Insurance Law and Regulations of the New York State Insurance Department (11 NYCRR) § 65-1.1 et seq. for medical services rendered. Plaintiff is seeking judgment in the amount of $796.46, which represents two bills in the amounts of $16.46 and $780.
Plaintiff moves for an order granting summary judgment as a matter of law, on the grounds that assignor, Kiara Francisco, assigned her “no fault” benefits to plaintiff pursuant to the terms of the insurance policies sold by defendant, and the timely submission of invoices and/or bills to defendant in accordance with the New York State Insurance Law. Defendant opposes plaintiffs motion and cross-moves for an order granting summary judgment on the grounds that the claims for no-fault benefits were timely denied based upon lack of medical necessity and fees charged in excess of the workers’ compensation fee schedule.
After careful review of the moving papers, supporting documentation and opposition thereto, the court finds as follows:
Pursuant to both the Insurance Law and the regulations promulgated by the Superintendent of Insurance, within 30 days after a claimant submits proof of the facts and the amount of loss sustained, an insurer is required to either pay or deny a claim for insurance coverage of medical expenses arising from a motor vehicle accident. (See 11 NYCRR 65-3.8 [a] [1]; Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195, 200 [1997]; Mount Sinai Hosp. v Triboro Coach, 263 AD2d 11, 16 [2d Dept 1999]; New York Hosp. Med. Ctr. of Queens v Country-Wide Ins. Co., 295 AD2d 583 [2d Dept 2002].)
Based upon a review of the supplemental documents submitted by the plaintiff, the court finds that the plaintiff has *1100 established its prima facie case as to the mailing of its claims for no-fault benefits. The plaintiff has annexed an affidavit of its billing manager, as well as proof of mailing. In addition, the court finds that the defendant has established its prima facie case as to the mailing of its timely denials. The affidavit of defendant’s claims representative, Leonard Delgiudice, sets forth the insurer’s standard office practice and procedure, which establishes a presumption of mailing. (See Residential Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679 [2001].)
Plaintiff argues that defendant improperly denied one bill in the amount of $780, and partially paid the other bill, and that defendant improperly applied the fee schedule. Plaintiff further states that defendant’s moving papers were insufficient, because defendant failed to attach an affidavit explaining how the fee schedule is applied. Plaintiff also argues that defendant’s papers are defective because of the incorrect caption of the case and index number, as well as the fact that the affirmation of the attorney is signed by someone other than the affiant.
The court has thoroughly reviewed and considered the arguments of the parties’ attorneys. First, the court finds it necessary to address the plaintiff’s arguments concerning the defendant’s attorney’s affirmation. Although the attorney affirmation has the correct provider’s name, it has the incorrect index number, as well as the assignor name. In addition, the affirmation starts out with the name of Anthony N. Kobets, as the attorney affirming under the penalties of perjury, but the signature name is that of Kristie Hack, Esq.
As a result of the improper caption, index number and attorney signature the plaintiff argues the papers are defective. Therefore, the question is whether or not the defects as argued by plaintiff would warrant summary judgment being granted in favor of plaintiff on these grounds. This court answers in the negative. In all likelihood, the papers were used in a similar case, inasmuch as the improper caption has the same provider, and is a boilerplate attorney affirmation, and unfortunately was not reviewed with the sharpest of eyes, in order to pick up the typographical errors. The defects in an attorney affirmation should not warrant summary judgment being granted in favor of plaintiff. An affirmation of an attorney has no probative value. The affirmation itself, which is purported to be that of one person, but signed by another is worthless and a nullity. (See A.B. Med. Servs, v CNA Ins. Co., 2 Misc 3d 138[A], 2004 NY Slip Op 50265[U] [App Term, 2d & 11th Jud Dists 2004].) *1101 However, the defendant’s cross motion cannot and does not stand alone on an attorney affirmation. The supporting document to the cross motion must come from a person with actual knowledge of the facts to the case. The supporting affidavit to defendant’s cross motion which is of probative value is that of Leonard Delgiudice, an employee of GEICO. The court has, without giving consideration to the attorney affirmation, made its determination based upon the supporting affidavit of Mr. Delgiudice, and the annexed documents to the cross motion such as the peer review and denials. Thus, the court finds plaintiffs arguments that the papers are defective to be without merit, in light of the fact that the motions can be decided without the attorney affirmation which is of no probative value.
It is well established that a medical provider must limit its charges to those permitted by approved fee schedules. (See Goldberg v Corcoran, 153 AD2d 113 [2d Dept 1989]; Amaze Med. Supply v Allstate Ins. Co., 3 Misc 3d 43 [2d Dept 2004]; King’s Med. Supply v Allstate Ins. Co., 2 Misc 3d 127[A], 2003 NY Slip Op 51681[U] [App Term, 9th & 10th Jud Dists 2003].) The fees for services and procedures are governed by the workers’ compensation fee schedule insurance regulation (11 NYCRR 68.1) and durable medical goods fees are governed by the New York Medicaid fee schedule (11 NYCRR part 68). An insurer who raises this defense will prevail if it demonstrates that it was correct in its reading of the fee schedules unless the plaintiff shows that “an unusual procedure or unique circumstance justifies the necessity” for a charge above the scheduled fee. (11 NYCRR 68.4.)
An insurer can only preserve a fee schedule defense by first complying with the rule requiring the insurer to pay or deny a claim for no-fault automobile insurance benefits within 30 days from the date an applicant supplies proof of claim. (See Jamil M. Abraham M.D. P.C. v Country-Wide Ins. Co., 3 Misc 3d 130[A], 2004 NY Slip Op 50388[U] [2d & 11th Jud Dists 2004].)
The claim for $183 was partially paid by the insurer, in the amount of $167.04 leaving a balance of $16.46. As stated above, the claim was denied on two grounds: lack of medical necessity and fee schedule. The denial shows the reduction of the provider’s charge of $38.50 for the positioning cushion/pillow being reduced to $22.04, thereby leaving the balance of $16.46. Inasmuch as the defendant has failed to proffer sufficient evidence to establish as a matter of law that amounts charged in said claims were in excess of the amounts permitted by the fee *1102 schedule, plaintiff is entitled to summary judgment on its claim for $16.46.
Defendant failed to proffer sufficient evidence to establish as a matter of law the amounts charged for said claims were in excess of the amounts permitted by the fee schedule. The affidavit of Leonard Delgiudice fails to address how the fees were applied, and how the charged amount by the provider was in excess of the fee schedule. (Rogy Med., P.C. v Mercury Cas. Co., 23 Misc 3d 132[A], 2009 NY Slip Op 50732[U] [App Term, 2d, 11th & 13th Jud Dists 2009].)
Next, this court will address the remaining bill in the amount of $780, which was denied in full. The provider’s claim for no-fault benefits in the amount of $780 was denied based upon lack of medical necessity. The explanation annexed to the denial, “attachment 1” of exhibit “C” to defendant’s cross motion, indicates that the denial is based upon an independent medical examination. There was a service for $630 and one for $150. The “EOB” (explanation of benefits) code is “SSS” and explained in the denial as “supplies have been found not to be medically necessary.”
Lack of medical necessity is a defense to an action for recovery of no-fault benefits, and may be asserted by the insurer provided that there has been a timely denial of the claim. (Presbyterian Hosp. in City of NY. v Maryland Cas. Co., 90 NY2d 274 [1997]; Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195, 200 [1997].)
As stated above, the court finds that the defendant has established the timely mailing of its denial of plaintiffs claims for no-fault benefits.
In opposition to defendant’s cross motion and in support of its motion for summary judgment plaintiff argues that defendant’s peer review is inadmissible because of the doctor’s stamped signature. Plaintiff contends that the peer review does not comply with CPLR 2106, due to defendant’s failure to submit proof that the doctor himself stamped his signature.
The Appellate Term has consistently held that a peer review report which bears an electronic stamp of the peer review signature is not in admissible form pursuant to CPLR 2106. (Radiology Today, P.C. v GEICO Ins. Co., 20 Misc 3d 70 [App Term, 2d Dept 2008]; Vista Surgical Supplies, Inc. v Travelers Ins. Co., 14 Misc 3d 128[A], 2006 NY Slip Op 52502[U] [App Term, 2d & 11th Jud Dists 2006].) However, in the case before *1103 this court, the defendant has annexed as part of exhibit “D,” which is the peer review of Dr. Andrew R. Miller, an affirmation of Dr. Miller which states in paragraphs 4 and 5 thereof the following:
“4. I alone have the ability to apply the signature and no other individual, either under my employ or otherwise has the authority or ability to apply the signature.
“5. When my electronic signature is applied I am affirming, under the penalties of perjury, the truthfulness, accuracy and correctness of my report and will swear under oath, in a court of law or in arbitration, if asked to do so.”
It is this court’s opinion that the affirmation of Dr. Andrew Miller, which indicates that the peer review report has an electronic stamped facsimile of his signature that is in fact his and was applied by him and not by anyone else, is sufficient to establish that the signature has been acknowledged by Dr. Miller as his own. As such, the court deems the peer review to be in admissible form.
Therefore, inasmuch as the plaintiff has failed to raise an issue of fact to negate the peer review report of Dr. Andrew Miller, summary judgment should be granted in favor of the defendant. (See Crossbridge Diagnostic Radiology, P.C. v Progressive Ins. Co., 20 Misc 3d 143[A], 2008 NY Slip Op 51761[U] [App Term, 2d & 11th Jud Dists, 2008]; Delta Diagnostic Radiology, P.C. v Progressive Cas. Ins. Co., 19 Misc 3d 130[A], 2008 NY Slip Op 50535[U] [App Term, 2d & 11th Jud Dists 2008].)
Accordingly, plaintiff’s motion for summary judgment is denied in part and granted in part. The clerk of the court is hereby directed to enter judgment in favor of plaintiff and against defendant in the amount of $16.46, plus statutory cost, interest and attorneys fees.
Accordingly, plaintiffs motion for summary judgment on its claim for $780 is hereby denied. Defendant’s cross motion is denied in part and granted in part, and the cause of action for no-fault benefits in the amount of $780 is dismissed.