■ Sien Sam et al., Appellants, v Town of Rotterdam, Respondent. [670 NYS2d 62] —Mercure, J. Appeal from an order of the Supreme Court (Caruso, J.), entered February 10, 1997 in Schenectady County, which granted defendant's motion for summary judgment dismissing the complaint.

On February 2, 1993, a police vehicle owned by defendant was delivered to Salisbury Chevrolet, Inc., an automobile dealership and repair facility in the Town of Scotia, Schenectady County, for repairs to its antilock braking system. At that time, Police Officer Carl LaMalfa advised Salisbury's service personnel that the vehicle's antilock brake light flashed intermittently, which was, as he advised Salisbury, a recurrence of a similar problem that had been the subject of a January 19, 1993 service call. As a Salisbury employee was driving the vehicle into the service area, the brakes failed, causing the vehicle to strike plaintiff Sien Sam (hereinafter plaintiff), a Salisbury brake technician, bringing about the injuries that are the subject of this action. The complaint alleges causes of

action against defendant claiming (1) defendant's derivative liability as owner of the vehicle based on the alleged negligence of the driver, and (2) defendant's negligence in failing to make Salisbury aware of the dangerous and defective condition of the vehicle's braking system. Following joinder of issue and defendant's commencement of a third-party action against Salisbury, but before any discovery was conducted, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion and plaintiffs appeal.

We affirm. As a threshold matter, we note plaintiffs' concession that Supreme Court properly dismissed their first cause of action, predicated upon the alleged negligence of plaintiff's fellow employee (Workers' Compensation Law § 29 [6]; *see, Kenny v Bacolo*, 61 NY2d 642, 645; *Christiansen v Silver Lake Contr. Corp.*, 188 AD2d 507, 508).

The question of whether Supreme Court was correct in its grant of summary judgment dismissing plaintiffs' second cause of action is somewhat more problematic. Notably, the primary evidentiary support for defendant's summary judgment motion came from LaMalfa's supporting deposition, an instrument which, although subscribed and sworn to under the penalties of perjury and containing the warning set forth in Penal Law § 210.45, was not sworn to before a notary public or commissioner of deeds. Notwithstanding the existence of some caselaw tending to equate an affirmation with an affidavit (*see, People v Sullivan*, 56 NY2d 378, 383-384; *Matter of Kurt EE.*, 199 AD2d 945), the inescapable fact is that CPLR 3212 (b) very specifically requires a summary judgment motion to "be supported by affidavit". In addition, the provision of CPLR 2106 that attorneys, physicians, osteopaths and dentists may submit an affirmation "with the same force and effect as an affidavit" clearly manifests the Legislature's intention that no other class of witness be granted that privilege. Although there is much to be said for permitting written affirmations by all persons, the Legislature has repeatedly failed to take action on proposals to that effect (*see*, Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 2106, at 816).

Nonetheless, defendant urges that because plaintiffs raised no objection to the technical form of its submission before Supreme Court, choosing instead to attack the sufficiency of the allegations contained therein, the deficiency has been waived. We agree. Fundamentally, "[t]he doctrine of preservation mandates that an issue is preserved for appellate review, and thus available as a basis for reversal or modification of an order or judgment, only if it was first raised in the *nisi prius*

court" (1 Newman, New York Appellate Practice § 2.02). As stated by a noted commentator: "Certain basic principles underlie the doctrine of issue preservation. First, the requirement that issues be raised initially in the trial court rather than on appeal guarantees the opposing party a chance to respond with admissible evidence and pertinent legal argument. New fact questions or legal theories will not be considered on appeal if proof might have been offered to obviate or refute them had they been presented in the court below" (1 Newman, New York Appellate Practice § 2.02).

In this case, the facts alleged in LaMalfa's affirmation, including the statement that, to the best of his knowledge and recollection, Salisbury had been informed of all problems concerning the vehicle, were sufficient to satisfy defendant's initial burden of tendering sufficient evidence to eliminate any material issues of fact from the case (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). We conclude that defendant's duty to Salisbury was limited to known defects for, as aptly argued by defendant, a customer seeking repair work has no legal obligation to diagnose the problem for the repair facility, the purported expert in the field. Obviously, then, had plaintiffs timely challenged the form of LaMalfa's submission, there can be no question that a proper evidentiary showing could have been made by simply having LaMalfa renew his oath before a notary public. "Consequently, because the issue might have been obviated by such an evidentiary showing, the issue cannot be raised for the first time on appeal" (*First Intl. Bank v Blankstein & Son*, 59 NY2d 436, 447). To hold otherwise would surely be to exalt form over substance.

Finally, we agree with Supreme Court's conclusion that plaintiffs' opposing evidentiary showing was insufficient to raise a material question of fact. Notably, plaintiffs came forward with no evidence identifying the actual cause of the brake failure or giving rise to an inference that defendant was or should have been aware of the defective condition that caused the brakes to fail.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.