■ DOROTHY SCUDERA et al., Respondents, v RAHMAN MAH-BUBUR et al., Appellants. [750 NYS2d 644] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Winick, J.), entered February 5, 2002, which denied their motion for summary judgment dismissing the complaint on the ground that neither of the plaintiffs had sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Dorothy Scudera, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements, the complaint is dismissed insofar as asserted by the plaintiff Dorothy Scudera, and the action insofar as asserted by the plaintiff David Scudera is severed.

The Supreme Court determined that the defendants failed to meet their burden on their motion for summary judgment, in part because the affirmations of their medical expert did not appear to be properly subscribed (*see Macri v St. Agnes Cemetery,* 44 Misc 2d 702; CPLR 2106). However, this deficiency was waived since the plaintiffs failed to raise the issue in the Supreme Court (*see Sam v Town of Rotterdam,* 248 AD2d 850). The evidence submitted by the defendants established a prima facie case that the plaintiffs' injuries were not serious within the meaning of Insurance Law § 5102 (d) (*see Gaddy v Eyler,* 79 NY2d 955).

In opposition to the motion, the plaintiff David Scudera submitted the affirmation of his treating neurologist, which

incorporated by reference previous examination findings over a 10-month period. These submissions established an objective basis for the expert's opinion that David Scudera suffered a herniated disc, which resulted in a permanent loss of range of motion, and that this injury was causally related to the automobile accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345). Accordingly, there is a triable issue of fact as to whether David Scudera sustained a serious injury, and that branch of the defendants' motion which was to dismiss the complaint insofar as asserted by David Scudera was properly denied.

However, the submissions by the plaintiff Dorothy Scudera in opposition to the defendants' motion were insufficient to raise a triable issue of fact as to whether she sustained a serious injury causally related to the subject accident. Significant portions of the evidence were not in admissible form (*see Grasso v Angerami*, 79 NY2d 813). Moreover, the affirmation of her treating neurologist, which incorporated by reference his previous treatment reports, failed to provide sufficient objective medical evidence to establish a serious injury (*see Toure v Avis Rent A Car Sys., supra* at 357). The neurologist's findings with respect to muscle spasms and limitations of motion were inadequate in the absence of proof that these findings were objectively ascertained (*see Toure v Avis Rent A Car Sys., supra* at 357-358).

Finally, the evidence was insufficient to demonstrate that Dorothy Scudera sustained a medically-determined injury or impairment which prevented her from performing substantially all of the material acts constituting her normal daily activities for no less than 90 of the first 180 days following the accident (*see Gaddy v Eyler, supra*; *Lauretta v County of Suffolk*, 273 AD2d 204). Accordingly, that branch of the defendants' motion which was to dismiss the complaint insofar as asserted by Dorothy Scudera should have been granted. Florio, J.P., O'Brien, Friedmann, Adams and Crane, JJ., concur.