■ Stephen Kibler, Appellant, v Gillard Construction, Inc., et al., Respondents. [863 NYS2d 306]—

Appeal from an order of the Supreme Court, Orleans County (James P. Punch, A.J.), entered January 24, 2007 in a breach of contract action. The order, insofar as appealed from, denied plaintiff's motion for partial summary judgment against defendant John Gillard, Jr. and granted in part defendants' cross motion for summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying that part of the cross motion seeking summary judgment dismissing the breach of contract cause of action insofar as it alleges that defendants failed to provide for positive drainage and reinstating that cause of action to that extent and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action alleging, inter alia, breach of contract by defendants Gillard Construction, Inc. (GCI) and John Gillard, Jr. (Gillard), the president of GCI and the individual who signed the contract. Plaintiff and GCI entered into a contract pursuant to which GCI was to construct a single family home for him in the Town of Clarendon. According to plaintiff, defendants breached the contract by failing to build the subject home at an elevation necessary for proper drainage, by failing to provide for positive drainage, and by failing to construct the home in accordance with applicable building codes. Plaintiff further alleged that defendants were negligent in their performance of the contract. Plaintiff moved for partial summary judgment against Gillard on the first and fourth causes of action, for breach of contract and negligence, respectively, and defendants cross-moved for summary judgment dismissing the complaint. Supreme Court denied plaintiff's motion and granted that part of defendants' cross motion seeking summary judgment dismissing the breach of contract cause of action insofar as it alleges that defendants failed to provide for positive drainage and failed to construct the home in accordance with applicable building codes.

We agree with plaintiff that the court erred in granting that part of the cross motion seeking summary judgment dismissing the breach of contract cause of action insofar as it alleges that defendants failed to provide for positive drainage, and we therefore modify the order accordingly. We note that the phrase

"positive drain" in the "Foundation" portion of the contract is not defined therein and, although the court generally is responsible for interpreting a written instrument, we conclude that the phrase is ambiguous and that we cannot determine its meaning on the record before us (*see e.g. Arrow Communication Labs. v Pico Prods.*, 206 AD2d 922, 922-923 [1994]; *Town of Wilson v Town of Newfane*, 181 AD2d 1045, 1045-1046 [1992]). "The proper inquiry in determining whether a contract is ambiguous is whether the agreement on its face is reasonably susceptible of more than one interpretation[,] . . . [and a] party seeking summary judgment has the burden of establishing that the construction it favors is the only construction which can fairly be placed thereon" (*Arrow Communication Labs.*, 206 AD2d at 922-923 [internal quotation marks omitted]). Here, defendants failed to meet that burden. "Thus, the intent of the parties must be determined by evidence outside the contract, and the construction of [the phrase 'positive drain'] presents a question of fact that may not be resolved on a motion for summary judgment" (*id.* at 923). We further conclude that the court properly denied that part of plaintiff's motion seeking summary judgment on the breach of contract cause of action against Gillard for the additional reason that the evidence tendered by plaintiff in support of that part of his motion does not establish as a matter of law that Gillard was acting in his individual capacity when he executed the contract (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

We further conclude, however, that the court properly granted that part of defendants' cross motion seeking summary judgment dismissing the breach of contract cause of action insofar as it alleges that defendants failed to construct the home in accordance with applicable building codes. Defendants met their burden of establishing their entitlement to judgment as a matter of law by submitting the "affidavit" of the then code enforcement officer for the Town of Clarendon in which she stated that there were no violations of any local or state building codes, and plaintiff made no tender of proof to refute that showing (*see generally id.*). We note that, although the code enforcement officer's "affidavit" in the record before us was not properly sworn to before a notary public, plaintiff never objected to its admissibility and thus is deemed to have waived any deficiency with respect to the "affidavit" (*see Scudera v Mahbubur*, 299 AD2d 535 [2002]; *Sam v Town of Rotterdam*, 248 AD2d 850, 851-852 [1998], *lv denied* 92 NY2d 804 [1998]).

Finally, we reject the contention of plaintiff that the court erred in denying that part of his motion with respect to the

cause of action for negligence. As we have concluded, the "affidavit" of the then code enforcement officer established as a matter of law that defendants complied with the applicable building code requirements, which is the basis of the negligence cause of action. Present—Martoche, J.P., Centra, Lunn, Fahey and Gorski, JJ.