■ MAHENDER R. GORIGANTI, Appellant, v SYRACUSE ORTHO-PEDIC SPECIALISTS, P.C., Respondent. [876 NYS2d 312]—

Appeal from an order of the Supreme Court, Onondaga County (John C. Cherundolo, A.J.), entered April 21, 2008 in an action for, inter alia, an accounting. The order, insofar as appealed from, granted that part of defendant's motion for partial summary judgment dismissing the fourth cause of action seeking an accounting and payment of severance benefits.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking, inter alia, an accounting and severance benefits from defendant, his former employer, allegedly owed to plaintiff pursuant to the terms of the parties' employment agreement and income allocation plan. Defendant moved for partial summary judgment dismissing the complaint with the exception of the third cause of action, and Supreme Court granted the motion. As limited by his brief, plaintiff challenges only that part of the order dismissing the fourth cause of action, which seeks "a proper accounting and full payment of his severance benefits." We affirm.

Pursuant to the income allocation plan, a "Covered Employee" shall receive severance benefits in the event that his or her employment is terminated "for any qualifying reason." The qualifying reasons include "retirement of the Covered Employee from the 'full-time' private practice of orthopedic surgery or physiatry . . . and . . . termination of a Covered Employee's employment without cause by Covered Employee . . . or by the Practice . . . provided, in either case, that the Covered Employee relocates his practice of *orthopedic surgery* to an area more than 25 miles away from any office from which the Practice practices any of the same services at the time of termination" (emphasis added).

It is undisputed that plaintiff was a "Covered Employee" who

practiced physiatry and that he relocated his practice of physiatry within 25 miles of defendant's practice. Plaintiff first contends, however, that he is not subject to that restrictive covenant because it unambiguously applies only to orthopedic surgeons. We reject plaintiff's contention. Rather, we conclude that the restrictive covenant is ambiguous because its terms are " 'reasonably susceptible of more than one interpretation' " (*Kibler v Gillard Constr., Inc.*, 53 AD3d 1040, 1042 [2008]; *see Chimart Assoc. v Paul*, 66 NY2d 570, 573 [1986]), and we further conclude that the court properly resolved the ambiguity in favor of defendant as a matter of law. "[W]here, as here, a contract is ambiguous, its interpretation remains the exclusive function of the court unless 'determination of the intent of the parties depends on the credibility of extrinsic evidence or on a choice among reasonable inferences to be drawn from extrinsic evidence' " (*Village of Hamburg v American Ref-Fuel Co. of Niagara*, 284 AD2d 85, 88 [2001], *lv denied* 97 NY2d 603 [2001], quoting *Hartford Acc. & Indem. Co. v Wesolowski*, 33 NY2d 169, 172 [1973]). Here, defendant met its initial burden with respect to the fourth cause of action by establishing that, pursuant to the intention of the parties, plaintiff was to be covered by the terms of the restrictive covenant. In support of the motion, defendant submitted a letter that was sent to plaintiff before he executed the income allocation plan, informing him that he was bound by the terms of the restrictive covenant. Defendant also submitted excerpts from plaintiff's deposition testimony in which plaintiff acknowledged that he received that letter and never disputed its terms.

Contrary to the alternative contention of plaintiff, he failed to raise a triable issue of fact with respect to the applicability of the restrictive covenant. Although the record contains the deposition testimony of plaintiff in which he stated that he did not believe that he was bound by the terms of the restrictive covenant when he executed the income allocation plan, it is well settled that evidence of "[u]ncommunicated subjective intent alone cannot create an issue of fact where otherwise there is none" (*Wells v Shearson Lehman/American Express*, 72 NY2d 11, 24 [1988]).

Finally, plaintiff's further contention that the court erred in failing to address the reasonableness of the restrictive covenant is raised for the first time on appeal and thus is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). Contrary to plaintiff's contention, the reasonableness of the restrictive covenant is an issue that " 'could have been obviated or cured by factual showings or legal countersteps' in the

trial court" (*Oram v Capone*, 206 AD2d 839, 840 [1994]). Present—Martoche, J.P., Smith, Fahey and Pine, JJ.