■ FRANK CUPELLI et al., Appellants, v LAWRENCE HOSPITAL et al., Respondents, et al., Defendant. [895 NYS2d 818]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered December 12, 2008, which, in an action for medical malpractice, inter alia, granted defendants-respondents' motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Plaintiff alleges that malpractice was committed in defendant Lawrence Hospital's emergency room (ER) by one of its ER physicians and by defendant Dr. Provenzano, who had been plaintiff's long-time primary care physician and who came to the ER in response to a call from the treating ER physician; plaintiff also alleges additional malpractice by Dr. Provenzano in a follow-up visit in his office three days later. The only reference in plaintiff's expert's affirmation to Dr. Provenzano states that "[a] note appears in the [hospital] records that [the ER physician] discussed the case with Dr. Provenzano." As such affirmation simply does not address the medical evidence and opinion contained in Dr. Provenzano's expert's affirmation, the prima facie sufficiency of which is clear and indeed not challenged by plaintiff on appeal, no issues of fact are raised as to Dr. Provenzano's malpractice. Similarly, plaintiff's expert's affi-

davit simply does not address defendant's expert's opinion that the ER physician acted in accordance with accepted standards of emergency medicine by deferring to Dr. Provenzano, who conducted his own examination of plaintiff upon arriving at the ER and otherwise took over plaintiff's emergency care and treatment (*see Cregan v Sachs*, 65 AD3d 101, 110 [2009] [how long after procedure doctor's duty of care to patient continues is an issue of fact that turns on expert testimony]). We have considered plaintiff's other arguments and find them unavailing. Concur—Friedman, J.P., Catterson, Acosta, DeGrasse and Abdus-Salaam, JJ.