Orders, Supreme Court, New York County (Alice Schlesinger, J.), entered April 24, 2012, which, in this medical malpractice action, granted defendants-respondents’ motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff initially claimed that defendants failed, on December 11 and 12, 2007, to diagnose a stroke that occurred on December 27, 2007. Plaintiff, on appeal, claims a failure to diagnose and detect a cardiac thrombus (blood clot) in plaintiff’s artificial heart valve.
*411 Defendants made a prima facie showing of their entitlement to judgment as a matter of law, since their experts’ affirmed reports established that they did not deviate from accepted standards of medical practice (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). The expert on behalf of defendant Dr. Jeffrey Lazar, the emergency room physician at St. Vincent’s Hospital, reached this conclusion since, on December 11, 2007, Dr. Lazar treated plaintiff, ordered appropriate tests, and discharged him with instructions to see his internist and a neurologist (see Cupelli v Lawrence Hosp., 71 AD3d 496, 496-497 [1st Dept 2010], lv denied 16 NY3d 703 [2011]). In addition, Dr. Lazar’s expert opined that since the stroke plaintiff ultimately suffered on December 27 would not have been detected in a typical 24-to 72-hour hospital stay, any departure was not proximately related to the injuries he eventually suffered. Defendant Dr. Christina Drafta’s expert opined that, since her neurological examination of plaintiff was normal, and since plaintiff was under the care of an internist, Dr. Drafta, as a neurologist, would not be responsible for any care or treatment of plaintiffs heart or blood pressure condition (see Witt v Agin, 112 AD2d 64, 66 [1st Dept 1985], affd 67 NY2d 919 [1986]). Both experts further found that defendants’ decision not to admit plaintiff to the hospital after they saw him on December 11 and 12, respectively, was not a departure from accepted standards of care.
In opposition, plaintiff failed to show, by expert medical evidence, a departure from the accepted standard of medical practice, and that this departure was a proximate cause of his injuries (see Alvarez, 68 NY2d at 324-325; Rivera v Greenstein, 79 AD3d 564, 568 [1st Dept 2010]). Plaintiff’s argument that defendants failed to diagnose and detect a blood clot (thrombus) on his artificial heart valve, which led to his stroke 17 days later, is not properly before this Court as it was advanced for the first time on appeal (see On the Level Enters., Inc. v 49 E. Houston LLC, 100 AD3d 473 [1st Dept 2012]). Plaintiffs argument that we may review the issue as it is a legal one, clear from the face of the record, is unavailing. The facts necessary to support plaintiff’s position, namely that a cardiac thrombus existed in plaintiff’s artificial heart valve, are not part of the record, and defendants and their medical experts had no opportunity to respond to plaintiff’s claim (compare DeRosa v Chase Manhattan Mtge. Corp., 10 AD3d 317, 319-320 [1st Dept 2004], with Chateau D’ If Corp. v City of New York, 219 AD2d 205, 209 [1st Dept 1996], lv denied 88 NY2d 811 [1996]). In any event, plaintiff’s theory is without expert or record support, since heart studies performed at Columbia Presbyterian Hospital revealed no blood clots on plaintiff’s artificial heart *412 valve (see Roques v Noble, 73 AD3d 204, 207 [1st Dept 2010]; Richardson v New York City Health & Hosps. Corp., 191 AD2d 376, 377 [1st Dept 1993]).
Concur—Mazzarelli, J.E, Moskowitz, DeGrasse, Feinman and Clark, JJ.