■ Joyce Wong, Individually and as Administratrix of the Goods, Chattels and Credits of Fredesbinda Wong, Also Known as Fredeswinda Wong, Deceased, Appellant, v German Masonic Corporation, Doing Business as Dumont Masonic Home, Respondent/Third-Party Plaintiff-Respondent, et al., Defendants. Nataliya Gorelko, M.D., Third-Party Defendant-Respondent, et al., Third-Party Defendant. [981 NYS2d 63]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered February 22, 2012, which granted defendant German Masonic Corporation doing business as Dumont Masonic Home's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Plaintiff's decedent, Fredeswinda Wong, was brought to Jacobi Hospital for treatment of smoke inhalation due to a fire in her apartment. Decedent suffered from, inter alia, hypertension and chronic obstructive pulmonary disease, and dementia due to Alzheimer's disease. In early February 2005, decedent was transferred from Jacobi to defendant Dumont Masonic Home for rehabilitation. Both Jacobi and Dumont had taken EKGs that revealed that decedent had tachycardia (rapid heartbeat). At about 3:15 a.m. on March 25, 2004, decedent was sitting up in her room, attempting to get dressed, and in an agitated state. The nurse contacted Nataliya Gorelko, M.D., the on-call physician, who prescribed one milligram of Haldol to be given intramuscularly for decedent's agitation. The Haldol was administered at 3:40 a.m., and decedent passed away at 5:05 a.m.

Defendant established prima facie entitlement to summary judgment, which plaintiffs, by their expert, failed to rebut. In arguing that decedent, among other things, should have been transferred to a hospital for adequate care of her heart condition, plaintiff failed to demonstrate that inadequate care was rendered to decedent at the Dumont Home. The record shows that decedent improved during her stay (*see Rivera v Greenstein*, 79 AD3d 564 [1st Dept 2010]). Further, while plaintiff's expert pathologist performed an autopsy and concluded that decedent passed away from congestive heart failure, decedent's medical records at the nursing home showed no signs of congestive heart failure, although tests had been performed. Thus, even though plaintiff's expert found congestive heart failure in his autopsy, there is no basis for finding that Dumont or its staff should have had notice of it. As in *Rivera*, "[t]he autopsy gives the benefit of hindsight that defendant, of course, did not have" (*id.* at 569).

Further, while plaintiff's expert opined in conclusory terms that Haldol was contraindicated for patients with tachycardia and arrhythmia, decedent did not have arrhythmia and, moreover, plaintiff's expert failed to demonstrate that the intramuscular injection of Haldol increased decedent's heart rate. The medical records show that after the Haldol was administered to decedent, her heart rate actually slowed down. Thus, plaintiff failed to demonstrate that any departure on defendant's part

proximately caused decedent's death (*see Sassen v Lazar*, 105 AD3d 410 [1st Dept 2013]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Sweeny, J.P., Andrias, Moskowitz, DeGrasse and Gische, JJ.