JULIO ANTHONY LOPEZ, Appellant, v VINCENT GRAMUGLIA, DPM, Respondent. [20 NYS3d 8]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered July 23, 2014, which granted defendant Vincent Gramuglia DPM's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In this medical malpractice action, plaintiff claims that defendant, a podiatrist, ignored certain of plaintiff's risk factors for deep vein thrombosis (DVT) during the treatment of plaintiff's ankle injury, and thus failed to diagnose DVT, which developed into a pulmonary embolism.

At the outset, defendant's expert affirmation was properly considered. Dr. Robbins, an orthopedist, was qualified to render an opinion as to the standard of care in podiatry, since a medical expert need not be a specialist in a particular field in order to testify regarding accepted practices in that field (*see Fuller v Preis*, 35 NY2d 425, 431-433 [1974]; *and see Limmer v Rosenfeld*, 92 AD3d 609 [1st Dept 2012]). Although, Dr. Robbins' affirmation, which recited his credentials as including, inter alia, board certification as an orthopedic surgeon, and graduation from Columbia University College of Physicians and Surgeons, with the completion of a residency in New York City, did not specifically state that he was a "duly licensed physician," or that he was "duly licensed in the State of New York" (*see e.g.* CPLR 2106), plaintiff failed to raise this argument before the motion court and, as such, it is unpreserved for appellate review (*see Shinn v Catanzaro*, 1 AD3d 195, 197-198 [1st Dept 2003]; *see also Scudera v Mahbubur*, 299 AD2d 535 [2d Dept 2002]).

As to the merits, defendant met his initial burden through the affirmed report of his expert, who opined that defendant appropriately treated plaintiff, and observed that plaintiff had no signs or symptoms of DVT during his treatment with defendant, since he never complained of calf pain, but only of ankle pain and swelling, which were not indicative of a DVT, especially since plaintiff had sustained an ankle sprain. Moreover, there was no indicia that plaintiff was taking any medication which ran the risk of clotting, nor was there evidence that plaintiff was obese (*see Perez v Edwards*, 107 AD3d 565, 566 [1st Dept 2013], *lv denied* 22 NY3d 862 [2014]).

In opposition, plaintiff failed to raise an issue of fact. Plaintiff's expert's opinion was based on the assumption that defendant deviated from care in failing to account for plaintiff's risk factors for developing DVT, including hormone use, obesity and smoking, which led to his pulmonary embolism. However, since the record contains no evidence of such risk factors, other than plaintiff's smoking habit, which plaintiff conceded was light, plaintiff's theory was without "expert or record support" (*Sassen v Lazar*, 105 AD3d 410, 411 [1st Dept 2013]). Concur—Tom, J.P., Friedman, Andrias, Gische and Kapnick, JJ.