■ JOBED BOEREAU, Individually and as Father and Natural Guardian of JONATHAN BOEREAU, et al., Respondents, v LOGAN A. SCOTT, JR., et al., Appellants. [33 NYS3d 340]—

In an action to recover damages for personal injuries, etc.,

the defendants appeal from an order of the Supreme Court, Rockland County (Loehr, J.), dated September 23, 2014, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The infant plaintiff and his father, suing derivatively, commenced this action contending that the infant plaintiff was struck by the rear of a minivan operated by the defendant Logan A. Scott, Jr., and owned by the defendant Victoria W. Zazyczny. The defendants moved for summary judgment dismissing the complaint on the ground that the infant plaintiff's conduct was the sole proximate cause of the accident. The Supreme Court denied the motion on the merits and on the ground that the motion was untimely. The defendants appeal. We reverse.

Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the infant plaintiff was the sole proximate cause of the accident (see Balliet v North Amityville Fire Dept., 133 AD3d 559, 560 [2015]; Braxton v Jennings, 63 AD3d 772 [2009]). The defendants submitted the deposition testimony of the infant plaintiff, his father, and the defendant driver, and a police accident report. According to the infant plaintiff, immediately before the incident he had been standing between two parked vehicles with his back to the flow of traffic as he tried to prevent his little brother from running into the flow of traffic. As the infant plaintiff tried to step closer to the sidewalk, his little brother pushed him further away from the sidewalk trying to get past him, and the infant plaintiff took more steps backward. The defendant driver testified that he was traveling forward at about 15 miles per hour when he heard and felt a "thump" to the rear passenger wheel area of the minivan that he was driving. The infant plaintiff testified that he did not see the defendants' vehicle prior to impact, and the defendant driver testified that he did not see the infant plaintiff prior to the incident. The police accident report, which was submitted without objection, contains a diagram demonstrating that a person impacts the rear passenger side of a vehicle; the diagram has an arrow indicating that the person emerged from between two parked vehicles (see Santiago v Rodriguez, 38 AD3d 639, 640 [2007]; Scudera v Mahbubur, 299 AD2d 535, 535 [2002]). Thus, the defendants established, prima facie, that the infant plaintiff was the sole proximate cause of the ac-

cident (*see Balliet v North Amityville Fire Dept.*, 133 AD3d at 560; *Braxton v Jennings*, 63 AD3d 772 [2009]; *Reid v Miguel*, 43 AD3d 814, 815 [2007]; *Carrasco v Monteforte*, 266 AD2d 330, 331 [1999]).

In opposition, the plaintiffs failed to raise a triable issue of fact (*see Reid v Miguel*, 43 AD3d at 815; *Sheppeard v Murci*, 306 AD2d 268, 269 [2003]).

Under the facts and circumstances of this case, the Supreme Court improperly denied the defendants' motion for summary judgment as untimely. CPLR 3212 (a) provides that "[i]f no such date is set by the court, such motion shall be made no later than one hundred twenty days after the filing of the note of issue, except with leave of court on good cause shown" (CPLR 3212 [a]). Here, the motion was filed on June 4, 2014 and, in the order appealed from, the court indicated that the note of issue was filed on March 13, 2014—well within the 120 days contemplated by the CPLR (*see* CPLR 3212 [a]; *Brill v City of New York*, 2 NY3d 648, 652 [2004]; *Silva v FC Beekman Assoc., LLC*, 126 AD3d 963 [2015]). The record reveals no preliminary order setting a deadline shorter than that provided in CPLR 3212 (a). Moreover, the individual part rules of the Justice of the Supreme Court who decided the motion, which were in effect at the time the motion was made, also do not shorten the deadline established in the CPLR (*see Crawford v Liz Claiborne, Inc.*, 11 NY3d 810, 812-813 [2008]; *Rodriguez v Presbyterian Hosp. in City of N.Y.*, 259 AD2d 310, 311 [1999]). We take judicial notice of those rules, which are on the New York State Unified Court System public website (*see Matter of Cento Props. Co. v Assessor*, 71 AD3d 1015, 1016 [2010]; *Kingsbrook Jewish Med. Ctr. v Allstate Ins. Co.*, 61 AD3d 13, 19-20 [2009]).

Accordingly, the defendants' motion for summary judgment should have been granted. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.