Gentle Acupuncture, P.C., as Assignee of Tiara Lockliaeras, Appellant, 
against
Tri-State Consumer Insurance Company, Respondent.




Gabriel & Shapiro, LLC (Jason Moroff, Esq.), for appellant.
Thomas Torto, Esq., for respondent.

Appeal from an order of the District Court of Suffolk County, Third District




(C. Stephen Hackeling, J.), dated June 18, 2015. The order granted defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, without costs, and defendant's motion for summary judgment dismissing the complaint is denied.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the District Court which granted defendant's motion for summary judgment dismissing the complaint.
It is undisputed that all of plaintiff's claims had been timely denied on the ground that the amounts sought were not in accordance with the workers' compensation fee schedule. Moreover, the claims for dates of service July 12, 2013 through September 30, 2013 were denied on the additional ground that the services were not medically necessary, based upon an independent medical examination of plaintiff's assignor by Dr. LoCascio, defendant's licensed acupuncturist, which had been performed on June 24, 2013.
With respect to the branch of defendant's motion seeking summary judgment dismissing the complaint on the ground that the amounts sought were not in accordance with the workers' compensation fee schedule, we find that defendant did not establish its prima facie entitlement to summary judgment, as it failed to provide an expert's affidavit to explain its interpretation of the fee schedule at issue (see Kingsbrook Jewish Med. Ctr. v Allstate Ins. Co., 61 AD3d 13 [2009]; W.H.O. Acupuncture, P.C. v Progressive Preferred Ins. Co., 36 Misc 3d 133[A], 2012 NY Slip Op 51335[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]).
With respect to the branches of defendant's motion seeking summary judgment dismissing plaintiff's claims for dates of service July 12, 2013 through September 30, 2013 on the ground that the services were not medically necessary, while defendant, in support of its motion, submitted Dr. LoCascio's sworn report, which set forth a factual basis and medical rationale for his conclusion that there was a lack of medical necessity for further treatment, plaintiff, in opposition to the motion, submitted an affirmation by Dr. Vatelman, the licensed acupuncturist who had treated the assignor, which meaningfully referred to and sufficiently rebutted the conclusions set forth in Dr. LoCascio's report. We note that, contrary to defendant's argument, the omission of the jurat in Dr. Vatelman's affirmation is not fatal (People ex rel. 5th Ave. & 37th St. Corp. v Miller, 261 App Div 550, 552 [1941], affd 286 NY 628 [1941]; see also People v Gouiran, 192 AD2d 620 [1993]), particularly in the absence of a showing of substantial prejudice to defendant (see CPLR 2001). We further note that while Dr. Vatelman, as an acupuncturist, was ineligible to submit an affirmation under CPLR 2106 (a), defendant waived any objection on this basis, as it did not raise this issue either in the District Court or on appeal (see Scudera v Mahbubur, 299 AD2d 535 [2002]).
Accordingly, the order is reversed and defendant's motion for summary judgment dismissing the complaint is denied.
Marano, P.J., Iannacci and Garguilo, JJ., concur.
Decision Date: May 23, 2017