Life Sourcing Co., Ltd. v Shoez, Inc. (2020 NY Slip Op 00078)





Life Sourcing Co., Ltd. v Shoez, Inc.


2020 NY Slip Op 00078


Decided on January 7, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 7, 2020

Friedman, J.P., Webber, Singh, Moulton, JJ.


10701 655714/16

[*1] Life Sourcing Co., Ltd., Plaintiff-Respondent,
v
Shoez, Inc., Defendant-Appellant, Brands Unlimited, LLC, et al., Defendants.


Sam P. Israel, P.C., New York (Timothy L. Foster of counsel), for appellant.
Lazarus & Lazarus, P.C., New York (Harlan M. Lazarus of counsel), for respondent.



Order, Supreme Court, New York County (David Benjamin Cohen, J.), entered on or about December 24, 2018, which granted plaintiff's motion for partial summary judgment as to liability on its unjust enrichment claim and directed an assessment of damages against defendant Shoez, Inc., unanimously affirmed, with costs.
Plaintiff met its initial burden to show that defendant was unjustly enriched at plaintiff's expense. There is no dispute that the matter is not controlled by a governing contract, and defendant acknowledges that it received the goods at issue.
Contrary to defendant's contention, the record shows that there is a connection or relationship between defendant and plaintiff that could have caused reliance or inducement on plaintiff's part. Plaintiff paid for the goods one day after codefendant GIF Services, Inc., which was acting as defendant's customs agent for the goods in question, reassured plaintiff that defendant would pay for them. This was after defendant verified the original bill of lading and plaintiff's proof that it paid the factory and [was] given a discount (see Philips Intl. Invs., LLC v Pektor, 117 AD3d 1, 3 [1st Dept 2014]). Although defendant submitted an affidavit from its officer averring "upon information and belief" that the party defendant contracted with for the goods "already received payment, in whole or in part," it failed to submit evidence in support of that claim. As such, defendant failed to raise a triable issue of fact.
Finally, defendant waived its claims that the affirmation plaintiff submitted in support of its motion for partial summary judgment is inadmissable or that plaintiff lacks standing. Defendant failed to raise those issues before the motion court, and we decline to review them (see Sam v Town of Rotterdam, 248 AD2d 850, 851-852 [3d Dept 1998], lv denied 92 NY2d 804 [1998]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 7, 2020
CLERK