Carcia v Greif (2020 NY Slip Op 02254)





Carcia v Greif


2020 NY Slip Op 02254


Decided on April 9, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 9, 2020

Friedman, J.P., Kapnick, Webber, González, JJ.


805346/14 11373A 11373

[*1] Phyllis Carcia, Deceased, by Jo-Anne Tavano, as Administratrix of her Estate, Plaintiff-Appellant,
v
Richard Greif, M.D., et al., Defendants-Respondents, Richard Radna, M.D., et al., Defendants.


Salenger, Sacks, Kimmel & Bavaro LLP, Woodbury (Beth S. Gereg of counsel), for appellant.
Lewis Johs Avallone Aviles, LLP, Islandia (Amy E. Bedell of counsel), for Richard Greif, M.D., respondent.
Garson & Jakub, LLP, New York (Maria S. Hristova of counsel), for Leticia Gonzalez, M.D., respondent.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered September 14, 2018, which granted the motion of defendant Leticia Gonzalez, M.D. for summary judgment dismissing the complaint as against her, unanimously affirmed, without costs. Order, same court and Justice, entered September 14, 2018, which granted the motion of defendant Richard Greif, M.D. for summary judgment dismissing the complaint as against him, unanimously affirmed, without costs.
This medical malpractice action arose when the 49-year-old decedent died from a pulmonary embolism (PE) caused by bilateral deep vein thromboses (DVT) in her legs after undergoing a two-day surgery on her back. Dr. Gonzalez, a family medicine doctor physician, and Dr. Grief, a cardiologist (collectively, defendants), consulted in decedent's care and reviewed decedent's electrocardiograms (EKG), which showed T wave inversions. Plaintiff claims that defendants deviated from good and accepted standards of medical practice when they failed to order additional testing to rule out PE and DVT as the cause of the T wave inversions, despite the fact that decedent was otherwise asymptomatic.
Defendants demonstrated prima facie entitlement to judgment as a matter of law by submitting evidence showing that there was no departure from good and accepted medical practice in the treatment of decedent (see generally Roques v Noble, 73 AD3d 204, 206 [1st Dept 2010]). Defendants presented evidence that they continuously monitored plaintiff's EKG, which was improving, and the T wave inversions they identified were not indicative of PE and DVT. The evidence also established that plaintiff exhibited no physical symptoms of DVT (such as shortness of breath or chest pain) during defendants repeat exams (see Lopez v Gramuglia, 133 AD3d 424, 425 [1st Dept 2015]).
In opposition, plaintiff failed to raise a triable issue of fact with respect to either defendant. Plaintiff's expert's affirmation was limited to general and conclusory assertions that "abnormal EKG findings should raise a suspicion for PE," which should have led defendants to "conduct further testing." Plaintiff's expert failed to discuss or otherwise rebut the opinion proffered by defendants' experts that the T wave inversions identified on plaintiff's EKG (i.e. non-specific t-wave inversions in leads V3-V6), without additional abnormalities, were not [*2]indicative of DVT or PE and thus did not require further testing as claimed by plaintiff. In fact, plaintiff's expert noted that plaintiff did not exhibit any "classic" symptoms of DVT and PE and he agreed with Dr. Grief "that t-wave inversions are not, in and of themselves, indicative of DVT or PE." For this reason, plaintiff's conclusory opinion that further testing should have been ordered is insufficient to defeat defendants' motions for summary judgment (see Rodriguez v Montefiore Med. Ctr., 28 AD3d 357 [1st Dept 2006]).
Plaintiff does not dispute the grant of summary judgment to Dr. Gonzalez on the claim for lack of informed consent and negligent hiring, and thus, that claim also remains dismissed.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 9, 2020
CLERK