**Alexander v Hub Truck Rental Corp.**

2020 NY Slip Op 35730(U)

October 2, 2020

Supreme Court, Kings County

Docket Number: Index No. 526126/2018

Judge: Carl J. Landicino

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 81 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 2nd day of October, 2020.

PRESENT:

CARL J. LANDICINO, J.S.C.

------------------------------------------------------------------x

DWIGHT T. ALEXANDER,

Plaintiff,

-against-

HUB TRUCK RENTAL CORP., FRESH DIRECT,
LLC and MANUEL R. GUALLPA,

Defendants.

------------------------------------------------------------------x

Index No.: 526126/2018

DECISION AND ORDER

Motion Sequence #2

Recitation, as required by CPLR 2219(a), of the papers considered in review of this motion:

|  | Papers Numbered (NYSCEF) |
|---|---|
| Notice of Motion/Cross Motion and Affidavits (Affirmations) Annexed | 23-29 |
| Opposing Affidavits (Affirmations) | 33-34 |
| Reply Affidavits (Affirmations) | 35 |

Upon the foregoing papers, and after oral argument, the Court finds as follows:

This lawsuit arises out of a motor vehicle accident that allegedly occurred on September 7, 2018. Plaintiff Dwight T. Alexander (hereinafter "the Plaintiff") alleges in his Complaint that on that date he suffered personal injuries after his vehicle was involved in a motor vehicle collision. Plaintiff further alleges that a vehicle operated by Defendant Manuel R. Guallpa and owned by Defendants Hub Truck Rental and leased by Defendant Fresh Direct, LLC (hereinafter to referred to collectively as the "Defendants") collided with his vehicle. The Plaintiff further alleges that the collision occurred while both vehicles were making right turns from Empire Boulevard onto Rogers Avenue, in Brooklyn, New York.

1

[* 1]

The Plaintiff now moves (motion sequence #2) for an order pursuant to CPLR 3212 granting him summary judgment on the issue of liability and proceeding to trial on the issue of damages. The Plaintiff contends that summary judgment should be granted because the Defendant Guallpa was negligent and the sole proximate cause of the collision at issue. Specifically, the Plaintiff contends that his vehicle was in the right most lane making a right hand turn when the Defendants' vehicle, traveling in the same direction of travel in the lane to the left of Plaintiff's vehicle, also made a right turn and collided with the Plaintiff's vehicle. The Plaintiff argues that the Defendants' vehicle violated several Vehicle & Traffic Law sections when he made a right turn from the wrong lane, drifted into Plaintiff's lane of travel and collided with Plaintiff's vehicle.

The Defendants oppose the motion and argue that it should be denied. The Defendants contend that the instant motion should be denied as there are triable issues of fact concerning the proximate cause of the subject motor vehicle accident. Specifically, the Defendants contend that it was the Plaintiff's vehicle that struck the Defendants' vehicle, while Defendants' vehicle was making a right turn.

It has long been established that "[s]ummary judgment is a drastic remedy that deprives a litigant of his or her day in court, and it 'should only be employed when there is no doubt as to the absence of a triable issues of material fact.'" *Kolivas v. Kirchoff,* 14 AD3d 493 [2d Dept 2005], *citing Andre v. Pomeroy,* 35 N.Y.2d 361, 364, 362 N.Y.S.2d 131, 320 N.E.2d 853 [1974]. The proponent for the summary judgment must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate absence of any material issues of fact. *See Sheppard-Mobley v. King*, 10 AD3d 70, 74 [2d Dept 2004], *citing Alvarez v. Prospect Hospital*, 68 N.Y.2d320, 324, 508 N.Y.S.2d 923, 501 N.E.2d 572 [1986]; *Winegrad v. New York Univ. Med. Ctr.,* 64 N.Y.2d 851, 853, 487 N.Y.S.2d 316, 476 N.E.2d 642 [1985].

2

[* 2]

Once a moving party has made a *prima facie* showing of its entitlement to summary judgment, "the burden shifts to the opposing party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action." *Garnham & Han Real Estate Brokers v Oppenheimer*, 148 AD2d 493 [2d Dept 1989]. Failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers. *See Demshick v. Cmty. Hous. Mgmt. Corp.*, 34 AD3d 518, 520, 824 N.Y.S.2d 166, 168 [2d Dept 2006]; *see Menzel v. Plotnick*, 202 AD2d 558, 558–559, 610 N.Y.S.2d 50 [2d Dept 1994].

In general, "[a] violation of the Vehicle and Traffic Law constitutes negligence as a matter of law." *Vainer v. DiSalvo*, 79 AD3d 1023, 1024, 914 N.Y.S.2d 236, 237 [2d Dept 2010]. "The driver with the right-of-way is entitled to anticipate that the other motorist will obey traffic laws which require him or her to yield." *Adobea v. Junel*, 114 AD3d 818, 819, 980 N.Y.S.2d 564, 566 [2d Dept 2014], *quoting Williams v. Hayes*, 103 A.D.3d 713, 714, 959 N.Y.S.2d 713, 714 [2d Dept 2013]; *Bullock v. Calabretta*, 119 AD3d 884, 989 N.Y.S.2d 862 [2d Dept 2014]. "A driver who has the right-of-way, however, also has a duty to keep a proper lookout to avoid colliding with other vehicles." *Bonilla v. Calabria*, 80 A.D.3d 720, 720, 915 N.Y.S.2d 615, 616 [2d Dept 2011]. See also VTL 1160(a) [right hand turns], VTL 1128(a) [maintaining lane] and VTL 1163 (a) [movement with reasonable safety].

Turning to the merits of the instant motion, the Court finds that sufficient evidence has been presented to establish, *prima facie*, that the Plaintiff's actions on the day in question were not a proximate cause of the accident, as a matter of law. In support of the Plaintiff's motion, the Plaintiff relies on his own affidavit and a Police Accident Report. As part of his affidavit, the Plaintiff states that "[t]he motor vehicle owned by defendants HUB Truck Rental Corp. and Fresh Direct, LLC and operated by defendant Manuek R. Guallpa that was traveling in the left lane next to the lane that I was turning from suddenly and without warning tried to also make a right turn, but from the left lane, and struck the

3

[* 3]

front driver's side of my vehicle." The Plaintiff further states that "[t]he collision was caused by the other driver, Manuel R. Guallpa, driving into my lane and striking my vehicle." (See Plaintiff's Motion, Exhibit 5, Paragraphs 3 and 4).The Police Accident Report states that "[d]river of Vehicle Two [Guallpa] states while making a right turn onto Rogers Avenue, Vehicle Two passed Vehicle One too closely and collided." (See Plaintiff's Motion, Exhibit 4).[1] This evidence, taken together, is sufficient for the Plaintiff to establish, *prima facie*, that the Defendant driver's actions were negligent and the sole proximate cause of the accident. *See Iqbal v. Thai*, 83 AD3d 897, 898, 920 N.Y.S.2d 789, 790 [2d Dept 2011]; *Carpio v. Leahy Mech. Corp.*, 30 AD3d 554, 555, 816 N.Y.S.2d 762, 762 [2d Dept 2006].

In opposition, the Defendants fail to raise a material issue of fact. The Defendants contend that there are material issues of fact as to how the accident occurred and that the Plaintiff collided with the Defendants' vehicle. In his affidavit, Defendant Guallpa states that initially his vehicle was "directly behind the vehicle operated by Plaintiff Dwight Alexander in the right-turn lane on Empire Boulevard." Defendant Guallpa stated that once the light changed to green "I used my left-turn signal and I moved my vehicle to the left of the Plaintiff's vehicle in an attempt to complete a right turn on Rogers Avenue too." Defendant Guallpa further stated that "I proceeded to move my vehicle to the left of the Plaintiff's vehicle, the Plaintiff accelerated and crashed into my vehicle with the front part of his vehicle's driver's side." However, the Defendants fail to address Defendant Guallpa's admission contained within the Police Accident Report. As stated that report is admissible, as is the admission

---

[1] It is clear now that in general, admissions made within uncertified Police Accident Reports are inadmissible hearsay. *See Yassin v. Blackman*, No. 2019-04138, 2020 WL 5648349 [2d Dept 2020]. However, the Defendants have failed to raise any objection to the admissibility of the Police Report in their Affirmation in Opposition to the motion. *See Boereau v. Scott*, 140 AD3d 687, 688, 33 N.Y.S.3d 340 [2d Dept 2016]. Courts have long held that deficiencies that may exist with evidence such as this are waived if not raised in opposition. *See Gilmore v. Mihail*, 174 AD3d 686, 688, 105 N.Y.S.3d 504, 507 [2d Dept 2019]; *Carey v. Five Bros.*, 106 AD3d 938, 940, 966 N.Y.S.2d 153 [2d Dept 2013]; *Scudera v. Mahbubur*, 299 AD2d 535, 535, 750 N.Y.S.2d 644, 645 [2d Dept 2002]; *Sam v. Town of Rotterdam*, 248 AD2d 850, 670 N.Y.S.2d 62 [3d Dept 1998].

[* 4]

therein made by Defendant Gualppa. As a result, the affidavit of Defendant Guallpa "was a belated attempt to avoid the consequences of his earlier admissions by raising a feigned issue of fact which was insufficient to defeat the motion." *Ricci v. Lo*, 95 AD3d 859, 860, 942 N.Y.S.2d 644, 645–46 [2d Dept 2012]; *see also Cagliostro v. McCarthy*, 102 AD3d 823, 824, 958 N.Y.S.2d 455, 457 [2d Dept 2013]. This is because "[t]he defendant driver neither denied making that admission, nor disputed the accuracy of his statement as contained in the police accident report." *Odetalla v. Rodriguez*, 165 AD3d 826, 827, 85 N.Y.S.3d 560, 562 [2d Dept 2016], *Twarog v. Ortiz-Deviteri*, 137 AD3d 777, 777, 25 N.Y.S.3d 895, 896 [2d Dept 2016]. As a result, the Defendants have failed to raise an issue of fact and the Plaintiff's motion for summary judgment on the issue of liability is granted.

Based on the foregoing, it is hereby ORDERED as follows:

The Plaintiff's motion (motion sequence #2) for summary judgment on the issue of liability is granted. The matter will proceed on the issue of damages.

The foregoing constitutes the Decision and Order of the Court.

ENTER:

Carl Landicino, J.S.C.

[* 5]