People v Croce (2023 NY Slip Op 23399)

[*1]

People v Croce (Alfred)

2023 NY Slip Op 23399

Decided on November 30, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on November 30, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., JERRY GARGUILO, TIMOTHY S. DRISCOLL, JJ

2023-310 S C

The People of the State of New York, Respondent,
against
Alfred J. Croce, III, Appellant. 

Alfred J. Croce, III, appellant pro se.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (Alan M. Wolinsky, J.H.O.), entered September 21, 2022. The judgment, after a nonjury trial, imposed a $250 civil liability upon defendant as the owner of a vehicle which had failed to stop for a stopped school bus.

ORDERED that the judgment is reversed, without costs, and the notice of liability is dismissed.
Defendant was served with a notice of liability pursuant to Vehicle and Traffic Law § 1174-a. The notice states that a vehicle owned by defendant failed to stop for a stopped school bus on October 8, 2021 at 100 Block of Terrace Lane, Patchogue, New York.
At a nonjury trial, the video depicting the violation was reviewed by the court. The People entered into evidence, among other things, a technician's affirmed certificate certifying the alleged violation, stating that she had inspected the recorded images presented in court and that they were true and accurate copies and represented the recorded images which she had reviewed. The court found defendant liable and a judgment was entered imposing a $250 civil liability.
On appeal, defendant contends that the People failed to prove that the bus was a school bus marked and equipped as required under the statute (see Vehicle and Traffic Law § 375 [20], [21-c]) or that it had stopped for the purpose of picking up or discharging passengers (see Vehicle and Traffic Law § 1174 [a]). Additionally, defendant contends that the technician's certificate should not have been admitted into evidence because it was not notarized.
Vehicle and Traffic Law § 1174-a was added in 2019. It authorizes a county, city, town, or village within a school district to create a bus photo violation monitoring system to impose civil liability on an owner of a vehicle where the operator failed to comply with Vehicle and Traffic Law § 1174.
In order for an owner of a vehicle to be found liable under Vehicle and Traffic Law § 1174-a, [*2]the People must prove, among other things, that the operator of the vehicle violated Vehicle and Traffic Law § 1174 by not stopping for a stopped school bus marked and equipped as provided in Vehicle and Traffic Law § 375 (20) and (21-c). 
Here, the People presented no witnesses to establish that the bus was properly marked and equipped with colored flashing signal lamps conforming to regulations prescribed by the commissioner on the front and on the rear thereof, that two signs were conspicuously displayed on the exterior of the bus, painted or otherwise inscribed thereon in black letters, designating it as a school omnibus by the use of the words "SCHOOL BUS," or that the background of each such sign was painted the color known as "national school bus chrome" and readable from a distance of two hundred feet (Vehicle and Traffic Law § 375 [20]) at the time of the incident. Moreover, the video recording was insufficient to establish that the bus was a school bus within the meaning of the statute. The legislature has not provided for any statutory presumption under Vehicle and Traffic Law § 1174-a to the effect that a bus with a statutorily authorized camera was a school bus, properly equipped and marked. Even if the proof need only establish "substantial compliance" with the statutory requirements (People v Robinson, 39 Misc 3d 128[A], 2013 NY Slip Op 50420[U], *1-2 [App Term, 2d Dept, 9th & 10th Jud Dists 2013]), the trial evidence fell far short of that standard. Additionally, the People failed to provide any proof that the bus had stopped for the purpose of receiving or discharging any passengers or that it had stopped because a school bus in front of it stopped to receive or discharge any passengers (see Vehicle and Traffic Law § 1174 [a]).
We need not consider defendant's contention that the affirmation of the technician was not notarized (see CPLR 2106) because that issue was waived, as defendant failed to raise it at trial (see Scudera v Mahbubur, 299 AD2d 535 [2002]).
Accordingly, the judgment is reversed and the notice of liability dismissed.
EMERSON, J.P., GARGUILO and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 30, 2023