Brewster v Hunter (2025 NY Slip Op 05294)

Brewster v Hunter

2025 NY Slip Op 05294

Decided on October 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 02, 2025

Before: Manzanet-Daniels, J.P., Friedman, Pitt-Burke, Rosado, Chan, JJ. 

Index No. 28027/18|Appeal No. 4800|Case No. 2024-03992|

[*1]Dorlene Brewster, Plaintiff-Appellant,
v
Corey Hunter, M.D., et al., Defendants-Respondents.

Hegge & Confusione, LLC, New York (Michael Confusione of counsel), for appellant.
Heidell, Pittoni, Murphy & Bach, LLP, White Plains (Dennis C. Abrams of counsel), for respondents.

Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered on or about June 3, 2024, which, to the extent appealed from as limited by the briefs, granted the motion of defendants Corey Hunter, M.D., and Ainsworth Institute of Pain Management, PLLC for summary judgment dismissing the complaint to the extent that it alleged that defendants committed medical malpractice based on their post-operative care of plaintiff, unanimously affirmed, without costs.
We decline to consider plaintiff's arguments regarding the qualifications of defendants' experts, Christopher Gharibo, M.D., and Alan Z. Segal, M.D., because they are unpreserved (see Lopez v Gramuglia, 133 AD3d 424, 424 [1st Dept 2015]; Edmund v Albert Einstein Hosp., 118 AD3d 578, 579 [1st Dept 2014], lv denied 27 NY3d 910 [2016]).
Defendants satisfied their prima facie burden by submitting defendant Dr. Hunter's deposition testimony, plaintiff's medical records, and Dr. Gharibo and Dr. Segal's expert affirmations, both of which opined that that defendants did not deviate from the standard of care. In opposition, plaintiff failed to raise an issue of fact. The affirmation of plaintiff's expert, Allan Hausknecht, M.D., a board-certified neurologist, failed to address or review the specific opinions of Drs. Gharibo and Segal, instead offering conclusions contradicted by the medical records (see Cabrera v Golden, 231 AD3d 149, 155 [1st Dept 2024]). Dr. Hausknecht opined that plaintiff's headache signaled complications; however, the medical records show no neurological deficits or complaints of headache immediately after the procedure. Although Dr. Hausknecht opined that plaintiff's headache, mild numbness, and transient weakness in her lower extremities were warning signs of complications, he never addressed defendants' experts' opinion that they were normal side effects. He also ignored Dr. Gharibo's opinion that a blood patch would have been premature on October 30 and 31, 2017 and failed to explain how performing a blood patch at that time would have changed plaintiff's outcome.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 2, 2025